James Conerly
1501 Amazon Avenue
Sacramento, California 95835
(916) 595-2210





FILED

DEC 1 7 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CONERLY, ET AL,

      Plaintiffs,vs.

STATE OF CALIFORNIA, ET AL,

Defendants.

2:19 CV 2535 JAM DB PS

CASE NUMBER: _____

COMPLAINT FOR A CIVIL CASE

JURY TRIAL REQUESTED

I.     The Parties to This Complaint

    A.   Plaintiffs

        1.   James Conerly

           1501 Amazon Avenue

           Sacramento, California 95835

           916-595-2210

        2.  Marilyn Tillman-Conerly

           1501 Amazon Avenue

           Sacramento, California 95835

           916-595-2210

        3.  Carina Conerly

1

1501 Amazon Avenue

Sacramento, California 95835

916-704-6755

4.   M.T.

1501 Amazon Avenue

Sacramento, California 95835

916-704-6755

B.   Defendants

1.   Kaiser Permanente

Amy Louise Gossett (PSYD) (BM)

Kaiser Permanente

Occupational Psychology

1660 E Roseville Parkway Ste 100

Roseville, Ca 95661

916-784-4000

916-878-4391.

2.   Sabrina V KO (PT)

Kaiser Permanente

Occupational Medicine Physical Therapist

2016 Morse Ave

Sacramento, Ca 95825

916-973-5000.

3.   Andrew K Lee (D.O.)

Kaiser Permanente

Medicine Station 3

1650 Response Road

Sacramento, Ca 95815

916-614-4040

916-973-5000.

4.  Teri L. Trolio (PT)

Kaiser Permanente

Occupational Medicine Physical Therapist

2016 Morse Ave

Sacramento, Ca 95825

916-973-5499

916-973-5000.

5.  Lien Quoc Tran (D.O)

Kaiser Permanente

Occupational Medicine

2016 Morse Ave

Sacramento, Ca 95825

916-973-5000

916-973-5499

6.  SCIF

Angela M. Diaz (Senior Claims Adjuster)

State Compensation Insurance Fund (SCIF)

2275 Gateway Oaks Drive

Sacramento, CA 95833

916-924-5113

amdiaz@scif.com

7.  CalHR

Karla Broussard-Boyd (Administrative Law Judge III)

California Department of Human Resources (CalHR)

Statutory Appeals Unit (SAU)

3

1515 S Street Ste 500

Sacramento, Ca 95811

8.  Makay Butz (Legal Assistant)

California Department of Human Resources (CalHR)

Statutory Appeals Unit (SAU)

1515 S Street Ste 500

Sacramento, Ca 95811

916-324-3857

10. Eraina Ortega (Director)

California Department of Human Resources (CalHR)

Statutory Appeals Unit (SAU)

1515 S Street Ste 500

Sacramento, Ca 95811

11. <u>Superior Court of California County of Sacramento</u>

Joginder Dhillon (Judicial Officer)

Superior Court of California

County of Sacramento

William R. Ridgeway Family Relations Courthouse

3341 Power Inn Road

Sacramento, Ca 95826

12. Nora Williams (Mediator)

Superior Court of California

County of Sacramento

Family Court Services

3341 Power Inn Road, First Floor

Sacramento, Ca 95826

916-875-2600

4

13.  June D. Coleman (Temporary Judge)

Superior Court of California

County of Sacramento

Carol Miller Justice Center

301 Bicentennial Circle

Sacramento, Ca 95826

14.  Lauri Damrell (Judicial Officer)

Superior Court of California

County of Sacramento

William R. Ridgeway Family Relations Courthouse

3341 Power Inn Road

Sacramento, Ca 95826

15. CME

Paul Gurpal Sandhu (M.D.)

2255 Watt Ave Ste 80

Sacramento, Ca 95825

Records:

11620 Wilshire Blvd Ste 340

Los Angeles, Ca 90025

888-853-7944

Charmaine Aceituno

California Medical Evaluators, Inc.

11620 Wilshire Blvd Ste 340

Los Angeles, Ca 90025

888-853-7944 ext 337

16. Veracity Research Company

Kristy Michelle Torain

1104 Dallas Drive #220

Denton, Texas 76205

940-391-7982

17. Veracity Research Company

1104 Dallas Drive #220

Denton, Texas 76205

18. Shaw Law Group, PC

Trish Higgins (Attorney)

Shaw Law Group, PC

425 University Ave Ste 200

Sacramento, Ca 95825

19. Sharif Roldan Tarpin

201 Country Place #190

Sacramento, Ca 95831

415-876-9548

20. CalSTRS

David Todd Walton (Pension Program Manager III)

California State Teachers Retirement System

100 Waterfront Place

West Sacramento, Ca 95605

916-414-5718

DWalton@CalSTRS.com

21. Derek Daniels (Pension Program Manager II)

California State Teachers Retirement System

100 Waterfront Place

West Sacramento, Ca 95605

916-414-5734

6

DDaniels@CalSTRS.com

22. Nicole Naddy

   4020 Brushwood Way

   Castlerock, CO 80109

   925-550-4600

23. Darcy Maslow (Pension Program Manager I)

   California State Teachers Retirement System

   100 Waterfront Place

   West Sacramento, Ca 95605

   916-414-5582

   DMaslow@CalSTRS.com

24. Christine Martinez (Personnel Services Manager)

   California State Teachers Retirement System

   100 Waterfront Place

   West Sacramento, Ca 95605

   916-414-4956

   CMartinez@CalSTRS.com

25. Joshua Goldsmith (Associate Pension Program Manager)

   California State Teachers Retirement System

   100 Waterfront Place

   West Sacramento, Ca 95605

   916-414-5755

   jgoldsmith@CalSTRS.com

26. Bianca Novoa (Personnel Specialist)

   California State Teachers Retirement System

   100 Waterfront Place

   West Sacramento, Ca 95605

916-414-4932

BNovoa@CalSTRS.com

27. Ana Jessica Mosqueda (Disability Coordinator)

California State Teachers Retirement System

100 Waterfront Place

West Sacramento, Ca 95605

916-414-4986

AMosqueda@CalSTRS.com

28. Leslie Carter-Padilla (Payroll & Benefits Manager)

California State Teachers Retirement System

100 Waterfront Place

West Sacramento, Ca 95605

916-414-4997

LCarter-Padilla@CalSTRS.com

29. Stephanie Hill (Performance Management Specialist)

California State Teachers Retirement System

100 Waterfront Place

West Sacramento, Ca 95605

916-414-4931

sthill@CalSTRS.com

30. Melissa Norcia (Director of Human Resources)

California State Teachers Retirement System

100 Waterfront Place

West Sacramento, Ca 95605

916-414-4974

916-397-5596

mnorcia@CalSTRS.com

8

31. Derek Bondurant (Classification & Compensation Analyst)

   California State Teachers Retirement System

   100 Waterfront Place

   West Sacramento, Ca 95605

   916-414-4965

   DBondurant@CalSTRS.com

32. Cassandra Lichnock (Chief Operating Officer)

   California State Teachers Retirement System

   100 Waterfront Place

   West Sacramento, Ca 95605

   916-414-4920

   CLichnock@CalSTRS.com

33. SEIU Local 1000

   Pedro Leon (Union Representative)

   SEIU Local 1000-Union Resource Center

   1808 14th Street

   Sacramento, Ca 95811

   866-471-7348

   PLeon@seiu1000.org

34. Lezlie Uko (Director)

   SEIU Local 1000-Union Resource Center

   1808 14th Street

   Sacramento, Ca 95811

   866-471-7348

   LUko@seiu100.org

35. Brandi Lopes (President's Assistant)

   Office of the President , Yvonne R. Walker

9

SEIU Local 1000

1808 14th Street

Sacramento, Ca 95811

916-554-1297

916-634-2569

866-471-7348

Passistant@seiu1000.org

36. Labor Relations

   Stacy Miranda (Labor Relations Manager)

   Labor Relations Office

   1515 S Street North Building Ste 500

   Sacramento, Ca 95811

   916-324-0476

35. SEIU International

   Tiffany Morris

   1800 Massachusetts Ave NW

   Washington D.C. 20036

   202-730-7226

36. Mary Kay Henry (International President)

   Service Employees International Union, CTW, CLC

   1800 Massachusetts Ave NW

   Washington D.C. 20036

   202-730-7000 ext 7708

37. America Renovation Center

   Haim Blokh (CEO)

   9245 Jellico Ave

   Northridge, Ca 91325

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

38. Bessida Taonda

1507 Amazon Ave

Sacramento, Ca 95835

39. Lassane Bonkoungou

1507 Amazon Ave

Sacramento, Ca 95835

II.  Basis for Jurisdiction

Under United States Civil Codes, 28 U.S.C. Section 1331, a case arising under the United

States Constitution or federal laws or treaties is a federal question case.  In the case at hand,

this case involves complaints concerning violations of plaintiffs' United States Constitutional

Rights Under the 5th · 6th·14th Amendments right under the Civil Rights Act of 1964, Title VII,

and where Plaintiffs were and continued to be injured by all of defendants conspiracy with

intentions to do  harm to all plaintiffs and their properties were damaged.

III.  Statement of Claim

A.  Kaiser Permanente

1.  Defendant, Amy Louise Gossett (PSYD) (BM),

Amy Louise Gossett asked Carina Conerly various questions about employer

CalSTRS, position held at CalSTRS as a Staff Services Analyst, Carina Conerly's

family, and other various questions, which Carina Conerly willingly answered. Only

the questions that were specifically asked by Amy Louise Gossett about Carina

Conerly's grievances submitted with SEIU Local 1000 were referred to SEIU Local

1000. Carina Conerly reported that most of the month of December of 2018 Carina

Conerly's computer was not working and caused Carina Conerly's caseload to

drastically increase. Amy Louise Gossett did not include important facts in her

05/16/2019 Work Comp MH/BH Encounter Record with Kaiser Permanente that were

reported to Amy Louise Gossett from Carina Conerly on 05/16/2019. Amy Louise

Gossett was inaccurate with the facts reported by Carina Conerly to Amy Louise

11

Gossett in her 05/16/2019 Work Comp MH/BH Encounter Record with Kaiser
Permanente. Amy Louise Gossett reported that in this case, personnel actions
appear to be at least a substantial cause, mainly the harassment and discrimination
by supervisors and traumatic event at work, but also earlier events involving her
supervisor. Ultimately, however, a decision concerning this issue must be deferred to
a Trier of Fact rather than determined by a physician. However, Carina Conerly was
scheduled and attended another appointment with psychologist, Amy Louise Gossett
on 05/28/2019 for further evaluation. This was confusing that I had to attend another
evaluation appointment with Amy Louise Gossett when Amy Louise Gossett reported
in her 05/16/2019 Work Comp MH/BH Encounter Record with Kaiser Permanente
that a Trier of Fact was necessary and could not be determined by a physician. On
05/28/2019 Carina Conerly reported to Amy Louise Gossett that her physical pain
has gotten a little better and comes and goes but that her Stress has not been
treated. Carina Conerly told Amy Louise Gossett that she was only able to see a
Psychiatrist once through Worker's Comp on 05/17/2019 with Maria Josefina Santos
Caparas and she has not been treated since for stress. Amy Louise Gossett did the
aforementioned and etc

2.  Defendant, Sabrina V KO (PT)

Sabrina V KO asked Carina Conerly to move in various positions during Physical
Therapy, most movements were too painful for Carina Conerly to complete. Sabrina
V KO attempted to get Carina Conerly to sit in a chair that was not supportive for
Carina Conerly's condition and would of caused added pain, the chairs Sabrina V KO
presented to Carina Conerly was either reclined in a position or sitting too low.
Sabrina V KO left Carina Conerly standing for a lengthy time before returning and
eventually stating that Physical Therapy was not appropriate due to not being able to
perform the necessary movements for Physical Therapy treatment. This was
confusing that I had to attend another Physical Therapy appointment when Teri L

12

Trolio reported in her 04/18/2019 Work Comp Encounter Record with Kaiser Permanente that at this time, I do not feel she is an appropriate candidate for PT due to her lack of tolerance and participation in the treatment. Sabrina V KO did the aforementioned and etc

3.  Andrew K Lee (D.O.)

Carina Conerly called Kaiser Permanente on 04/03/2019 to be seen by her Primary Care Physician, Andrew K Lee, for pain treatment of physical symptoms while awaiting to be seen by a psychiatrist for Workers' Compensation. Kaiser Permanente informed Carina Conerly that there were no available appointments to be seen. Carina Conerly asked that Andrew K Lee provide her a doctor's note for time off while waiting to be seen for pain treatment of physical symptoms from Andrew K Lee. Andrew K Lee called Carina Conerly on 04/04/2019 and informed Carina Conerly that he would provide Carina Conerly with a doctor's note covering the dates of 04/03/2019 to 04/10/2019. Andrew K Lee referred Carina Conerly to Mental Health Worker's Comp Doctor for treatment and evaluation. The Doctor's Note Andrew K Lee provided on 04/03/2019 stated that the patient is placed off work from 04/03/2019 through 04/10/2019. The patient was evaluated and deemed able to return to work at full capacity on 04/11/2019. This was confusing that Andrew K Lee deemed me able to return to work at full capacity on 04/11/2019 when Andrew K Lee told Carina Conerly that he could not evaluate her. On 04/24/2019 Carina Conerly attended the Andrew K Lee Workers' Compensation appointment referred by Lien Quoc Tran. Andrew K Lee told Carina Conerly that he was not a Workers' Compensation Doctor and asked Carina Conerly questions about what caused the stress on her job. Carina Conerly told Andrew K Lee that she was requesting medication for physical pain since Andrew K Lee told Carina Conerly that he does not handle Workers' Compensation. Andrew K Lee requested many various bloodwork to

be completed and prescribed Baclofen. Andrew K Lee told me that I need to see a Workers' Compensation Psychiatrist. Andrew K Lee did the aforementioned and etc

4. Teri L. Trolio (PT)

Teri L. Trolio asked Carina Conerly to move in various positions during Physical Therapy on 04/18/2019. Most movements were too painful for Carina Conerly to complete. However, Carina Conerly did attempt all movements that could be performed until the pain was unbearable. Teri L. Trolio asked Carina Conerly how day-to-day activities were performed and Carina Conerly stated that she received help from her father, James Conerly, and her mother, Marilyn Tillman-Conerly. Teri L Trolio reported in her 04/18/2019 Work Comp Encounter Record with Kaiser Permanente that at this time, I do not feel she is an appropriate candidate for PT due to her lack of tolerance and participation in the treatment. Patient will be discharged from Physical Therapy services if she is not seen for treatment within 60 days after last visit. Teri L. Trolio did the aforementioned and etc

5. Lien Quoc Tran (D.O)

Carina Conerly attended her first Worker's Comp appointment with Lien Quoc Tran on 04/08/2019. Lien Quoc Tran did not allow Carina Conerly to go into detail on the work actions that caused Carina Conerly's stress and told Carina Conerly that she would need to be seen by a Psychiatrist, which Worker's Comp did not have. Lien Quoc Tran said that he could only treat Carina Conerly's physical symptoms. Carina Conerly was told by Lien Quoc Tran that he would state that Carina Conerly's broken headset and chair caused Carina Conerly's physical pain. Carina Conerly was continuously interrupted and unable to describe in detail all causes of Carina Conerly's physical pain. Lien Quoc Tran also harshly pressed on Carina Conerly's back and caused Carina Conerly to have worse pain. Lien Quoc Tran reported in his 04/08/2019 Work Comp MH/BH Encounter Record with Kaiser Permanente that Carina Conerly has pre-existing conditions that could cause her symptoms including

14

chronic low back pain and mental health conditions. Carina Conerly had no pre-existing conditions that would contribute to her physical pain in her back and neck nor any mental health issues in the past. On 04/08/2019 Lien Quoc Tran prescribed Carina Conerly Gabapentin 100mg. The Gabapentin made Carina Conerly feel worse. On 04/11/2019 Carina Conerly went to Kaiser Permanente 2025 Morse Ave Sacramento, Ca 95825 Emergency Room for Psychiatric Treatment per the referral of the representative from the Crisis Line Call.  On 04/11/2019 Carina Conerly went to Lien Quoc Tran's office to report the worse symptoms to Lien Quoc Tran and was informed by the front desk receptionist that Lien Quoc Tran would call Carina Conerly later in the day to discuss it. During the call with Lien Quoc Tran, he told Carina Conerly to stop taking the Gabapentin and to go to Andrew K Lee, for evaluation and treatment for Workers' Compensation. On 04/11/2019 Lien Quoc Tran recorded the message he sent to Andrew K Lee stating that he saw Carina Conerly and I have discussed with her that I could not find a mechanism to explain the cause and effect of her complaints in neck, upper and lower back pain. Therefore, I cannot assume an industrial cause and I doubt that her complaints will be covered by Workers' Compensation Insurance. I have asked her to follow-up with you. Tran did the aforementioned and etc

B. State Compensation Insurance Fund (SCIF)

1. Angela M. Diaz (Senior Claims Adjuster)

On April 3, 2019 Carina Conerly submitted her Worker's Compensation. On April 4, 2019 Carina Conerly did not receive medical treatment from the employer.  By letter dated April 11, 2019, Carina Conerly's employer terminated her effective close of business April 3, 2019. On April 10, 2019 a letter was sent to Carina Conerly with a blank Employee Workers' Compensation Claim Form. The letter stated that Carina Conerly's Workers' Compensation claim has been reported and is currently being processed. On April 11, 2019 Angela Diaz failed to provide psychiatric

medical treatment for Carina Conerly's stress. Soon after Angela Diaz hired unlicensed private investigator Kristy Torain from Veracity Research Company. On April 12, 2019 State Compensation Insurance Fund sent Carina Conerly a packet of forms with a New Claim Instruction Sheet. The forms sent included SCIF Employee's Report of injury, Ten Years of Medical Treatment Kaiser Medical Release, Authorization for the Use and Disclosure of Psychiatric, Alcohol, and/or Drug Treatment Records and/or HIV Test, and Authorization for the Release of All Medical Information. Carina Conerly completed, signed and returned all requested forms and information on 04/23/2019. On April 12, 2019, State Compensation Insurance Fund also sent a Notice of Delay in Determining Liability for Workers' Compensation Benefits. This letter states that effective April 19, 2004, the law requires your employer to authorize medical treatment for your claimed injury within one working day after your filing of a Workers' Compensation Claim Form to your employer. On 05/09/2019,

05/23/2019, 05/30/2019, and 06/11/ 2019 Mobile Copy Service sent letters on behalf of Angela M Diaz, State Compensation Insurance Fund, requesting my confidential medical and psychiatric records to be released to a custodian. On 05/09/2019 Angela Diaz admitted that she hired Kristy Torain. Angela Diaz said that if I wanted to pursue my claim, I had to do what Kristy Torain wants me to do. A notice of Denial of Claim for Workers' Compensation Benefits dated 06/21/2019 was sent to Carina Conerly. Angela Diaz stated that we are denying all liability of your claim of injury because your claim is denied because there is no medical evidence that actual events of employment are the predominant cause of the alleged injury and therefore you have not reached the threshold of a psychiatric injury. You also failed to provide a statement to our investigator as such, State Fund is not able to complete its investigation to determine its liability for your claim. Angela Diaz also stated your claim is denied as our investigative review of the facts surrounding your claim of job stress indicates that the actions of your supervisor were lawful, non-discriminatory and done in good faith.

Angela M Diaz did the aforementioned and etc

California Department of Human Resources (CalHR)

1. Karla Broussard-Boyd (Administrative Law Judge III)

On 07/25/2019 Carina Conerly was heard on her appeal of wrongful termination before Administrative Law Judge III (ALJ), Karla Broussard-Boyd. During the hearing Karla Broussard-Boyd did not let Carina Conerly use her notes to refresh her memory. Karla Broussard-Boyd took Carina Conerly's exhibits from her hands so Carina Conerly could not reference them. However, Trish Higgins and CalSTRS were allowed to use notes and reference exhibits. On 09/16/2019 Carina Conerly and Carina Conerly's representative requested the ALJ records and transcripts of the hearing on 07/25/2019. On September 09/30/2019, Karla Broussard-Boyd made her judgment on the wrongful termination case. Karla Broussard-Boyd did the aforementioned and etc

2. Makay Butz (Legal Assistant)

On 09/06/2019 Carina Conerly called Makay Butz and asked for the status of the wrongful termination case from 07/25/2019. At the wrongful termination hearing on 07/25/2019, Karla Broussard-Boyd told Carina Conerly that she would receive the decision within 4 to 6 weeks. Makay Butz informed Carina Conerly that her case was unique and would take longer than usual to provide. On 10/03/2019 Makay Butz sent the wrongful termination decision letter and Carina Conerly received it on 10/07/2019. Carina Conerly requested a copy of the wrongful termination hearing transcripts and records on 09/06/2019 and received them on 10/21/2019. Carina Conerly noticed that the information had been tampered with because the records did not include vital issues raised and objected to by Carina Conerly and her representative, neither did Makay Butz include the closing argument made by Carina Conerly's representative, James Conerly. On 10/21/2019 James Conerly received a letter stating that the $500 received for the Administrative records and transcripts was too much by $100.30 and

17

a refund will be issued for the difference. On 11/04/2019 James Conerly called Makay Butz on the status of the refund amount. Makay Butz did the aforementioned and etc

3. Eraina Ortega (Director)

On 10/01/2019 Eraina Ortega adopted the wrongful termination decision made by Karla Broussard-Boyd for her final decision. Eraina Ortega did the aforementioned and etc

C. Superior Court of California County of Sacramento

1. Joginder Dhillon (Judicial Officer)

On 11/25/2019 Joginder Dhillon heard the Domestic Violence Case against Sharif Tarpin. Carina Conerly was not allowed to enter vital evidence in support of her Domestic Violence Case. When Carina Conerly attempted to do so, it was rejected. Joginder Dhillon failed to continue Carina Conerly's restraining order against Sharif Tarpin. Joginder Dhillon did the aforementioned and etc

2. Nora Williams (Mediator)

On 11/26/2019 Carina Conerly attended Mediation with Mediator Nora Williams. Nora Williams rejected the evidence that Carina Conerly brought. Nora Williams escorted Carina Conerly out of her office and told Carina Conerly she was going to give Sharif Tarpin what he requested. Nora Williams told Carina Conerly that she had mental issues. Carina Conerly told Nora Williams that she is looking out for the best interest of M.T. Nora Williams did the aforementioned and etc

3. June D. Coleman (Temporary Judge)

On 12/10/2019 Sharif Tarpin attended a small claims hearing. Although, Carina Conerly had a signed contract of Sharif Tarpin owing Carina Conerly $11,553.74, the judge only granted $2,525.74.  The judgement on this case was sent on 12/12/2019. June D. Coleman did the aforementioned and etc

4. Lauri Damrell (Judicial Officer)

18

On 12/17/2019 Lauri Damrell heard the OSC Custody Case of Sharif Tarpin vs. Carina Conerly. Sharif Tarpin showed up over an hour late for court. Sharif Tarpin was allowed to proceed in the hearing. The judge, Lauri Damrell, was very lenient on Sharif Tarpin even to the point she let Sharif Tarpin talk about issues that were not relevant to the OSC Custody Case. Sharif Tarpin repeated the same thing as he did in previous hearings and mediation as if he had been coached on what to say. Lauri Damrell did not treat Carina Conerly the same. Carina Conerly had very important and critical evidence to show that M.T. was in danger while in his custody. Lauri Damrell's decision to allow Sharif Tarpin to pick M.T. up showed no consideration in the interest of M.T. Carina Conerly did everything in her heart to make judge Lauri Damrell understand that M.T.'s life is very much in danger while in Sharif Tarpin's care.

D.   California Medical Evaluator (CME)

   1.   Paul Gurpal Sandhu (M.D.)

On 12/02/2109 Carina Conerly I attended the CME Appointment with Paul Gurpal Sandhu. Paul Gurpal Sandhu said that he was not licensed to evaluate Carina Conerly's stress and was not a psychiatrist. Paul Gurpal Sandhu said that he could only evaluate Carina Conerly's physical issues. Paul Gurpal Sandhu did the aforementioned and etc

   2.   Charmaine Aceituno

On 08/23/2019 Charmaine Aceituno told Carina Conerly she would schedule Carina Conerly's CME Appointment with Paul Gurpal Sandhu between the dates of 11/01/2019 and 11/22/2019. Carina Conerly called Charmaine Aceituno on 10/21/2019 and was told that Carina Conerly's CME Appointment will be on 12/02/2019. Carina Conerly called Charmaine Aceituno on 11/26/2019 to confirm the CME Appointment with Paul Gurpal Sandhu on 12/02/2019. Charmaine Aceituno did the aforementioned and etc

E.  Veracity Research Company (VRC)

Kristy Michelle Torain

On 05/09/2019 Kristy Torain called and left a voicemail message for Carina Conerly for a statement on medical documents and began investigation. Kristy Torain hired many people to stake out, follow Carina Conerly, James Conerly, Marilyn Tillman-Conerly, and M.T. in automobiles. They did many things like damage our security cameras, our automobiles, and they tried to run us off the road. Kristy Torain also called and left a voicemail message for Carina Conerly on 05/13/2019, 05/17/2019, 05/24/2019, 07/08/2019, and 07/09/2019 requesting to meet with Carina Conerly to get a statement. Kristy Torain sent a text message to Carina Conerly on 06/14/2019 saying call me back when to schedule a date and time to meet up so I can obtain your statement. Kristy Torain did the aforementioned and etc

F.  Shaw Law Group, PC

Trish Higgins (Attorney)

On 07/25/2019 Trish Higgins represented Carina Conerly's employer, CalSTRS, in the wrongful termination case. Trish Higgins did the aforementioned and etc

G.  Sharif Roldan Tarpin

On 11/25/2019 Sharif Tarpin attended the Domestic Violence Hearing, There Carina Conerly obtained knowledge that many of Sharif Tarpin's criminal and vehicle code violations and others had been dismissed. The judge ignored the facts that Carina Conerly gave and the judge ruled in Sharif Tarpin's favor. On 11/26/2019 Sharif Tarpin attended a separate Mediation session with Mediator Nora Williams who also ignored evidence against Sharif Tarpin and ruled in his favor. Regardless of the fact that Sharif Tarpin had criminal records, he possessed illegal guns, he was cited for carrying a concealed weapon without a permit, he had a very extensive traffic violation record, he sold drugs and marijuana to include selling through the Federal Mail, he often used drugs, Marijuana, and alcohol. Sharif Tarpin also told Carina Conerly that he sold Marijuana, Powered Cocaine,

20

and Norco on the streets. Sharif Tarpin hung out with drug dealers and users every night. On 12/10/2019 Sharif Tarpin attended a small claims hearing. Although, Carina Conerly had a signed contract of Sharif Tarpin owing Carina Conerly $11,553.74, the judge only granted $2,525.74. Sharif Tarpin's mother, Mitzi Ross, had a relationship with Glenn Walton, who is David Todd Walton's brother. Sharif Tarpin did the aforementioned and etc

H.  CalSTRS

1.  David Todd Walton (Pension n Program Manager III)

On 02/26/2019 David Todd Walton gave Carina Conerly a Memorandum in Derek Daniel's name requesting Carina Conerly's signature. David Walton did the aforementioned and etc

2.  Derek Daniels (Pension Program Manager II)

From 06/05/2018 to termination Derek Daniels supervised Carina Conerly. From 12/06/2018 to 12/28/2018 Carina Conerly's computer was not operating normally and was reported to Josh Goldsmith, Derek Daniels, and the Service Desk at CalSTRS. Carina Conerly's computer was never fixed to work correctly. Computer issues caused Carina Conerly's workload to increase. On 03/08/2019 Derek Daniels gave a second Memorandum to Carina Conerly to sign. On 03/29/2019 Derek Daniels and Darcy Maslow questioned Carina Conerly about grievances that Carina Conerly filed with SEIU Local 1000. Carina Conerly told Derek Daniels and Darcy Maslow that she could only answer questions about work. Carina Conerly told Derek Daniels and Darcy Maslow that she could not discuss the Memorandum and they would need to speak with SEUI Local 1000 about that. Derek Daniels said that Carina Conerly will discuss the Memorandum and if you do not respond and speak about the Memorandum, Carina Conerly will be written up for insubordination. On April 8, 2019 Derek Daniels called Carina Conerly and told Carina Conerly that she needed to turn in a doctor's note by the close of business day that day. Carina Conerly told Derek Daniels that she did not know when she will be back to work. On 04/15/2019 Derek

Daniels sent Carina Conerly to a room in CalSTRS whereby Christine Martinez escorted Carina Conerly off the job. On 07/25/2019 Derek Daniels attended the wrongful termination hearing for Carina Conerly. Derek Daniels did the aforementioned and etc,

3.  Nicole Naddy (Formerly a California State Teachers Retirement System

    On 05/16/2019 a grievance was filed by Carina Conerly on Nicole Naddy with SEIU Local 1000. Nicole Naddy did the aforementioned and etc

4.  Darcy Maslow (Pension Program Manager I)

    Darcy Maslow became Carina Conerly's supervisor/manager on 03/20/2019. On 03/22/2019 Darcy Maslow had a one-on-one with Carina Conerly in which Darcy Maslow asked Carina Conerly about Expectations form the Memorandum David Walton gave to Carina Conerly dated 02/26/2019. Carina Conerly told Darcy Maslow that she could only talk about her work and that any questions about the Memorandum would need to be discussed with SEIU Local 1000. On 03/29/2019 Darcy Maslow and Derek Daniels questioned Carina Conerly on grievances filed with SEIU Local 1000. On 07/25/2019 Darcy Maslow attended the wrongful termination hearing for Carina Conerly. Darcy Maslow did the aforementioned and etc

5.  Christine Martinez (Personnel Services Manager)

    On 04/15/2019 Carina Conerly returned to work, worked and sent an email to Darcy Maslow and Ana Jessica Mosqueda informing them both that I had my doctor's notes. On 04/15/2019 Christine Martinez walked Carina Conerly off the job. Christine Martinez told Carina Conerly that she could not drop off the doctor's notes to Human Resources. Christine Martinez did the aforementioned and etc

6.  Joshua Goldsmith (Associate Pension Program Manager)

    From 12/04/2018 to termination, Joshua Goldsmith supervised/managed Carina Conerly. On 12/06/2018 Joshua Goldsmith told Carina Conerly that Joshua Goldsmith, Carina Conerly, and Derek Daniels will be their own team. On

22

12/13/2018 Joshua Goldsmith told Carina Conerly that not only her SB Case Management was not working but also her SB Tracking, which caused problems in Payment Release Unit retrieving Carina Conerly's rework and option starting stats. On 02/07/2019 Carina Conerly, Joshua Goldsmith, and Derek Daniels met and Derek Daniels and Joshua Goldsmith told Carina Conerly to decrease escalation calls. The escalation calls were created from Carina Conerly not having a functional computer from 12/06/2018 to 12/28/2018. Joshua Goldsmith did the aforementioned and etc

7. Bianca Novoa (Personnel Specialist)

On 04/02/2019 Bianca Novoa sent Carina Conerly a Workers' Compensation Claim Form, SCIF Form 3301, Guide to Workers' Compensation, Injured on the Job Q and A, Guide to State Fund MPN for State, Minor Injury Form, and Kaiser occupational Health Centers document.   On 04/08/2019 Bianca Novoa emailed Carina Conerly that Ana Jessica Mosqueda will be in office tomorrow and will be reviewing Carina Conerly's Workers' Compensation Case. On 04/10/2019 Carina Conerly told Bianca Novoa that Carina Conerly will provide a doctor's note when Carina Conerly returns to work.  Bianca Novoa did the aforementioned and etc

8. Ana Jessica Mosqueda (Disability Coordinator)

On 04/09/2019 Ana Jessica Mosqueda sent Carina Conerly a copy of the 3301 form that was sent to State Compensation Insurance Fund. On 04/10/2019 Carina Conerly told Ana Jessica Mosqueda that Carina Conerly will provide a doctor's note when Carina Conerly returns to work. Ana Jessica Mosqueda did the aforementioned and etc

9. Leslie Carter-Padilla (Payroll & Benefits Manager)

On 04/10/2019 Carina Conerly spoke with Leslie Carter-Padilla about her Worker's Compensation Claim forms. Leslie Carter-Padilla did the aforementioned and etc

10. Stephanie Hill (Performance Management Specialist)

On 04/10/2019 Stephanie Hill emailed Darcy Maslow to say to Carina Conerly "You did not report to work as instructed. If you do not report to work tomorrow, this may be considered job abandonment. I expect you to report to work at your normal start time." On 07/25/2019 Stephanie Hill attended Carina Conerly's wrongful termination hearing. Stephanie Hill did the aforementioned and etc

11. Melissa Norcia (Director of Human Resources)

Carina Conerly received an AWOL termination paper dated 04/11/2019 sent by Melissa Norcia. The letter said" Please take notice effective April 22, 2019, CalSTRS, intends to invoke the absent without leave statue because you have been absent without leave for five consecutive working days. You have been absent without leave from April 4, 2019 to April 10, 2019. If you disagree with these facts, you may request an informal hearing to be held prior to April 22, 2019." Melissa Norcia did the aforementioned and etc

12. Derek Bondurant (Classification & Compensation Analyst)

On 04/02/2019 Derek Bondurant sent email on Carina Conerly's termination. Derek Bondurant did the aforementioned and etc

13. Cassandra Lichnock (Chief Operating Officer)

Cassandra Lichnock denied the SEIU Local 1000 Union Grievance at the Second Level on 05/14/2019. Carina Conerly did a rebuttal to Cassandra Linchnock's Response on Second Level Grievance on 06/11/2019. Cassandra Lichnock did the aforementioned and etc

I. SEIU Local 1000.

1. Pedro Leon (Union Representative),

On 04/23/2019 Pedro Leon sent Carina Conerly an email about being AWOL with CalSTRS. Pedro Leon combined grievances against Carina Conerly's

24

decision. Pedro Leon helped management instead of filing Carina Conerly's

Grievance the way she wanted it to be filed. Pedro Leon did the aforementioned

and etc

2.   Lezlie Uko (Director)

Lezlie Uko combined grievances against Carina Conerly's decision. Lezlie Uko

denied Carina Conerly representation by another SEIU Local 1000 Union

Representative. Lezlie Uko helped management instead of filing Carina Conerly's

Grievance the way she wanted it to be filed. Lezlie Uko did the aforementioned

and etc

3.   Brandi Lopes (President's Assistant)

Brandi Lopes sent an email to Carina Conerly on 09/23/2019 to provide Carina

Conerly Brandi Lope's contact information. On 09/27/2019 Brandi Lopes

emailed Carina Conerly that she left a voice message and to call her back or

reply to the email. On 09/30/2019 Brandi Lopes sent Carina Conerly an email

stating that she left Carina Conerly several messages and it looks like there

was phone tag going on. On 10/01/2019 Carina Conerly emailed Brandi Lopes

that Carina Conerly received two messages from Brandi Lopes and Brandi

Lopes had a deadline to respond by close of business at 5:00pm Thursday

09/26/2019 for the return of all Union Dues. SEIU Local failed to adequately

represent Carina Conerly and failed to return Carina Conerly's union dues.

Brandi Lopes did the aforementioned and etc

J.   Labor Relations

1.   Stacy Miranda (Labor Relations Manager)

Stacy Miranda stated that there was no violation of the union contract. Stacy

Miranda stated she denied the Third Level Grievance submitted with SEIU

Local 1000 in its entirety on 07/22/2019. Stacy Miranda did the

aforementioned and etc

K.  SEIU International

    1.  Tiffany Morris

On 09/23/2019 Carina Conerly spoke with Tiffany Morris. Carina Conerly told Tiffany Morris that she was calling about her complaint and her money. Tiffany Morris said that Carina Conerly had to talk to her local. Carina Conerly told Tiffany Morris that she had a problem with her SEIU Local 1000. Carina Conerly told Tiffany Morris that SEIU Local 1000 was not willing to work with Carina Conerly. Tiffany Morris told Carina Conerly that she had to speak with SEIU Local or the employer, CalSTRS, since SEIU International does not deduct the union dues. SEIU international failed to adequately represent Carina Conerly and failed to return Carina Conerly's union dues. Tiffany Morris did the aforementioned and etc

    2.  Mary Kay Henry (International President)

Mary Kay Henry sent a letter dated 03/29/2019 to Carina Conerly stating In Receipt of your letter concerning SEIU Local 1000. Local 1000 is your collective bargaining agent in this matter and the International Union does not have the legal authority to act in this capacity. Therefore, I am forwarding your letter to your local for its disposition as appropriate. SEIU international failed to adequately represent Carina Conerly and failed to return Carina Conerly's union dues. Mary Kay Henry did the aforementioned and etc

L.  American Renovation Center

    1.  Haim Blokh (CEO)

American Renovation Center placed a Mechanics Lien on Carina Conerly's house at 2541 Darwin Street Sacramento, Ca 95821. American Renovation Center was part of the HERO Program. American Renovation did the aforementioned and etc

26

M.  Bessida Taonda and Lassane Bonkoungou

Bessida Taonda and Lassane Bonkoungou moved to 1507 Amazon Ave Sacramento, Ca 95835 on 07/26/2019. They have a long metal pole extending up from their roof. Since they have moved into the house next door, we have had issues with all our wireless devices, landline phone, cell phones, computers, tablets, car cameras, and home security cameras. Before Bessida Taonda and Lassane Bonkoungou moved next door we've never had these kinds of damages to our property. They are both from Africa and are Engineers. Bessida Taonda is an Automation Engineer. Bessida Taonda attended CSUS and Sac City College. At CSUS Bessida Taonda gained experience in Engineering and Computer Science. Lassane Bonkoungou worked for Mogavero Architects as a Designer. He has extensive experience with 3D design for mixed-use and multi-unit projects. Lassane Bonkoungou is also an expert on analyzing building codes, space and site requirements. Bessida Taonda and Lassane Bonkoungou did the aforementioned and etc

IV.  Relief

A.  Kaiser Permanente

1.  Defendant, Amy Louise Gossett (PSYD) (BM),

Amy Louise Gossett asked Carina Conerly various questions about employer CalSTRS, position held at CalSTRS as a Staff Services Analyst, Carina Conerly's family, and other various questions, which Carina Conerly willingly answered. Only the questions that were specifically asked by Amy Louise Gossett about Carina Conerly's grievances submitted with SEIU Local 1000 were referred to SEIU Loca1000. Carina Conerly reported that most of the month of December of 2018 Carina Conerly's computer was not working and caused Carina Conerly's caseload to drastically increase. Amy Louise Gossett did not include important facts in her 05/16/2019 Work Comp MH/BH Encounter Record with Kaiser Permanente that were

reported to Amy Louise Gossett from Carina Conerly on 05/16/2019. Amy Louise Gossett was inaccurate with the facts reported by Carina Conerly to Amy Louise Gossett in her 05/16/2019 Work Comp MH/BH Encounter Record with Kaiser Permanente. Amy Louise Gossett reported that in this case, personnel actions appear to be at least a substantial cause, mainly the harassment and discrimination by supervisors and traumatic event at work, but also earlier events involving her supervisor. Ultimately, however, a decision concerning this issue must be deferred to a Trier of Fact rather than determined by a physician. However, Carina Conerly was scheduled and attended another appointment with psychologist, Amy Louise Gossett on 05/28/2019 for further evaluation. This was confusing that I had to attend another evaluation appointment with Amy Louise Gossett when Amy Louise Gossett reported in her 05/16/2019 Work Comp MH/BH Encounter Record with Kaiser Permanente that a Trier of Fact was necessary and could not be determined by a physician. On 05/28/2019 Carina Conerly reported to Amy Louise Gossett that her physical pain has gotten a little better and comes and goes but that her Stress has not been treated. Carina Conerly told Amy Louise Gossett that she was only able to see a Psychiatrist once through Worker's Comp on 05/17/2019 with Maria Josefina Santos Caparas and she has not been treated since for stress. Amy Louise Gossett did the aforementioned and etc

Kaiser Permanente, participated in a conspiracy to violate plaintiff's, Carina Conerly's right to Due Process by falsely reporting of plaintiff's health issues and using bias tactics to deprive plaintiff, of exercising her Constitutional Civil Rights. (05/16/2019 and 5/28/2019)

2. Defendant, Sabrina V KO (PT)

Sabrina V KO asked Carina Conerly to move in various positions during Physical Therapy, most movements were too painful for Carina Conerly to complete. Sabrina V KO attempted to get Carina Conerly to sit in a chair that was not supportive for

Carina Conerly's condition and would of caused added pain, the chairs Sabrina V KO

presented to Carina Conerly was either reclined in a position or sitting too low.

Sabrina V KO left Carina Conerly standing for a lengthy time before returning and

eventually stating that Physical Therapy was not appropriate due to not being able to

perform the necessary movements for Physical Therapy treatment. This was

confusing that I had to attend another Physical Therapy appointment when Teri L

Trolio reported in her 04/18/2019 Work Comp Encounter Record with Kaiser

Permanente that at this time, I do not feel she is an appropriate candidate for PT due

to her lack of tolerance and participation in the treatment. Sabrina V KO did the

aforementioned and etc

Kaiser Permanente, Occupational Medicine Physical Therapist., participated in a

conspiracy to violate plaintiff's, Carina Conerly's Right to Due Process by falsely

reporting of plaintiff's health issues and using bias tactics to deprive plaintiff of

exercising her Civil Rights. (05/24/2019)

3.   Andrew K Lee (D.O.)

Carina Conerly called Kaiser Permanente on 04/03/2019 to be seen by her Primary

Care Physician, Andrew K Lee, for pain treatment of physical symptoms while

awaiting to be seen by a psychiatrist for Worker's Comp. Kaiser Permanente

informed Carina Conerly that there were no available appointments to be seen.

Carina Conerly asked that Andrew K Lee provide her a doctor's note for time off while

waiting to be seen for pain treatment of physical symptoms from Andrew K Lee.

Andrew K Lee called Carina Conerly on 04/04/2019 and informed Carina Conerly

that he would provide Carina Conerly with a doctor's note covering the dates of

04/03/2019 to 04/10/2019. Andrew K Lee referred Carina Conerly to Mental Health

Worker's Comp Doctor for treatment and evaluation. The Doctor's Note Andrew K

Lee provided on 04/03/2019 stated that the patient is placed off work from

04/03/2019 through 04/10/2019. The patient was evaluated and deemed able to

return to work at full capacity on 04/11/2019. This was confusing that Andrew K Lee deemed me able to return to work at full capacity on 04/11/2019 when Andrew K Lee told Carina Conerly that he could not evaluate her. On 04/24/2019 Carina Conerly attended the Andrew K Lee Worker's Comp appointment referred by Lien Quoc Tran. Andrew K Lee told Carina Conerly that he was not a Worker's Comp Doctor and asked Carina Conerly questions about what caused the stress on her job. Carina Conerly told Andrew K Lee that she was requesting medication for physical pain since Andrew K Lee told Carina Conerly that he does not handle Worker's Comp. Andrew K Lee requested many various blood work to be completed and prescribed Baclofen. Andrew K Lee told me that I need to see a Worker's Comp Psychiatrist. Andrew K Lee did the aforementioned and etc

Kaiser Permanente, participated in a conspiracy to violate plaintiff's, Carina Conerly's right to Due Process by falsely reporting of plaintiff's health issues and using bias tactics to deprive plaintiff of exercising her Civil Rights. (04/04/2019 and 04/24/2019)

4.   Teri L. Trolio (PT)

Teri L. Trolio asked Carina Conerly to move in various positions during Physical Therapy on 04/18/2019. Most movements were too painful for Carina Conerly to complete. However, Carina Conerly did attempt all movements that could be performed until the pain was unbearable. Teri L. Trolio asked Carina Conerly how day to day activities were performed and Carina Conerly stated that she received help from her father, James Conerly, and her mother, Marilyn Tillman-Conerly. Teri L Trolio reported in her 04/18/2019 Work Comp Encounter Record with Kaiser Permanente that at this time, I do not feel she is an appropriate candidate for PT due to her lack of tolerance and participation in the treatment. Patient will be discharged from Physical Therapy services if she is not seen for treatment within 60 days after last visit. Teri L. Trolio did the aforementioned and etc

Kaiser Permanente, Occupational Medicine Physical Therapist, participated in a conspiracy to violate plaintiff's, Carina Conerly's Right to Due Process by falsely reporting of plaintiff's health issues and using bias tactics to deprive plaintiff of exercising her Civil Rights. (04/18/2019)

5. Lien Quoc Tran (D.O)

Carina Conerly attended her first Worker's Comp appointment with Lien Quoc Tran on 04/08/2019. Lien Quoc Tran did not allow Carina Conerly to go into detail on the work actions that caused Carina Conerly's stress and told Carina Conerly that she would need to be seen by a Psychiatrist, which Worker's Comp did not have. Lien Quoc Tran said that he could only treat Carina Conerly's physical symptoms. Carina Conerly was told by Lien Quoc Tran that he would state that Carina Conerly's broken headset and chair caused Carina Conerly's physical pain. Carina Conerly was continuously interrupted and unable to describe in detail all causes of Carina Conerly's physical pain. Lien Quoc Tran also harshly pressed on Carina Conerly's back and caused Carina Conerly to have worse pain. Lien Quoc Tran reported in his 04/08/2019 Work Comp MH/BH Encounter Record with Kaiser Permanente that Carina Conerly has pre-existing conditions that could cause her symptoms including chronic low back pain and mental health conditions. Carina Conerly had no pre-existing conditions that would contribute to her physical pain in her back and neck nor any mental health issues in the past. On 04/08/2019 Lien Quoc Tran prescribed Carina Conerly Gabapentin 100mg. The Gabapentin made Carina Conerly feel worse. On 04/11/2019 Carina Conerly went to Kaiser Permanente 2025 Morse Ave Sacramento, Ca 95825 Emergency Room for Psychiatric Treatment per the referral of the representative from the Crisis Line Call.  On 04/11/2019 Carina Conerly went to Lien Quoc Tran's office to report the worse symptoms to Lien Quoc Tran and was informed by the front desk receptionist that Lien Quoc Tran would call me later in the day to discuss it. During the call with Lien Quoc Tran, he told Carina Conerly to stop

taking the Gabapentin and to go to Andrew K Lee, for evaluation and treatment for

Worker's Comp. On 04/11/2019 Lien Quoc Tran  Lien Quoc recorded the message

he sent to Andrew K Lee stating that he saw Carina Conerly and I have discussed

with her that I could not find a mechanism to explain the cause and effect of her

complaints in neck, upper and lower back pain. Therefore, I cannot assume an

industrial cause and I doubt that her complaints will be covered by Worker's

Compensation Insurance. I have asked her to follow-up with you. Tran did the

aforementioned and etc

Kaiser Permanente, Occupational Medicine, participated in a conspiracy to violate

plaintiff's, Carina Conerly's Right to Due Process by falsely reporting of plaintiff's

health issues and using bias tactics to deprive plaintiff of exercising her Civil Rights.

(04/08/2019, 04/11/2019, and 04/18/2019)

B.  State Insurance Fund (SCIF)

    1.  Angela M. Diaz (Senior Claims Adjuster)

On April 3, 2019 Carina Conerly submitted Worker's Compensation. On April 4, 2019

Carina Conerly did not receive medical treatment from the employer.  By letter dated

April 11, 2019, Carina Conerly's employer terminated her effective close of business

April 3, 2019.  On April 11, 2019 Angela Diaz failed to provide psychiatric medical

treatment for Carina Conerly's stress. Soon after Angela Diaz hired unlicensed

private investigator Kristy Torain from Veracity Research Company. Angela Diaz did

the aforementioned and etc

State Compensation Insurance Fund (SCIF) CalHR, participated in a conspiracy to

violate plaintiff's, Carina Conerly's Right to Due Process by falsely reporting of

Plaintiff's health issues and using a, so called, private investigator who was not

licensed to do business in the state of California, and using bias tactics to deprive

plaintiff of exercising her Civil Rights. (04/112019, 04/12/2019, 04/13/2019,

04/17/2019, 05/06/2019, 05/07/2019, 05/09/2019, 05/23/2019, 05/30/2019,

06/11/2019, 06/14/2019, 06/21/2019,06/25/2019,

C.  California Department of Human Resources (CalHR)

    1.  Karla Broussard-Boyd (Administrative Law Judge III)

        On 07/25/2019 Carina Conerly was heard on her appeal of wrongful termination before Administrative Law Judge III (ALJ), Karla Broussard-Boyd. On 09/16/2019 Carina Conerly and my representative requested the ALJ records and transcripts of the hearing on 07/25/2019. On September 09/30/2019, Karla Broussard-Boyd made her judgment on the wrongful termination case. etc

        California Department of Human Resources, participated in a conspiracy to violate plaintiff's, Carina Conerly's Right to Due Process by tampering with legal evidence, falsely reporting of plaintiff's legal issues, and using bias tactics to deprive plaintiff of exercising her Civil Rights. (07/25/2019 and 09/30/2019)

    2.  Makay Butz (Legal Assistant)

        On 09/06/2019 Carina Conerly called Makay Butz and asked for the status of the wrongful termination case from 07/25/2019. Makay informed Carina Conerly that her case was unique and would take longer than usual to provide. On October 3, 2019 Makay Butz sent the wrongful termination decision letter and Carina Conerly received it on 10/07/2019. Carina Conerly noticed that the information had been tampered with because the records did not include vital issues raised and objected to by Carina Conerly and her representative, neither did Makay Butz include the closing argument made by Carina Conerly's representative. etc

        California Department of Human Resources (CalHR), Statutory Appeals Unit (SAU), participated in a conspiracy to violate plaintiff's, Carina Conerly's Right to Due Process by evidence tampering, falsely reporting of plaintiff's legal issues, and using bias tactics to deprive plaintiff of exercising her Civil Rights.

    3.  Eraina Ortega (Director)

33

On 10/01/2019 Eraina Ortega adopted the wrongful termination decision made by Karla Broussard-Boyd for her final decision. etc

California Department of Human Resources (CalHR), Statutory Appeals Unit (SAU), participated in a conspiracy to violate plaintiff's, Carina Conerly's Right to Due Process by approving false reporting of plaintiff's issues and using bias tactics to deprive plaintiff of exercising her Civil Rights. (10/01/2019)

D.  Superior Court of California County of Sacramento

    1.  Joginder Dhillon (Judicial Officer)

On 11/25/2019 Joginder Dhillon heard the Domestic Violence Case against Sharif Tarpin. Carina Conerly was not allowed to enter vital evidence in support of her Domestic Violence Case. When Carina Conerly attempted to do so, it was rejected. Joginder Dhillon failed to continue my restraining order against Sharif Tarpin. etc Superior Court of California, County of Sacramento, participated in a conspiracy to violate plaintiff's, Carina Conerly's Right to Due Process by reporting of plaintiff's legal issues and using bias tactics to deprive plaintiff of exercising her Civil Rights.

    2.  Nora Williams (Mediator)

On 11/26/2019 Carina Conerly attended Mediation with Mediator Nora Williams. Nora Williams rejected the evidence that Carina Conerly brought. Nora Williams escorted me out of her office and told me she was going to give Sharif Tarpin what he requested. Nora Williams told me that I had mental issues. etc Superior Court of California, County of Sacramento, participated in a conspiracy to violate plaintiff's, Carina Conerly's Right to Due Process by falsely reporting of plaintiff's health issues, falsely presenting legal issues, and using bias tactics to deprive plaintiff of her Federal Constitutional Rights.

    3.  June D. Coleman (Temporary Judge)

The judge in the Small Claims Case wanted to hear little of what Carina Conerly had to say. Nevertheless, Judge June D. Coleman allowed Sharif Tarpin to speak on

34

things that were not related to this case and from her decision it's obvious that she was more lenient on him than to Carina Conerly.

4.  Lauri Damrell (Judicial Officer)

Lauri Damrell's decision should be overturned in the interest of M.T. and Carina Conerly should be allowed to present Carina Conerly's evidence, which Carina Conerly strongly feels will support the decision to overturn. This judge is not acting and deciding in the best interest of M.T. Just like the other judges, she is controlled by some other motive and is not in the best interest of M.T. etc

Superior Court of California, County of Sacramento, participated in a conspiracy to violate plaintiff's, Carina Conerly's Right to Due Process by reporting of plaintiff's legal issues and using bias tactics to deprive plaintiff of exercising her Civil Rights.

E.  California Medical Evaluator (CME)

1.  Paul Gurpal Sandhu (M.D.)

On 12/02/2109 I attended the CME Appointment with Paul Gurpal Sandhu. Paul Gurpal Sandhu said that he was not licensed to evaluate my stress and was not a psychiatrist. Paul Gurpal Sandhu said that he could only evaluate my physical issues. etc

participated in a conspiracy to violate plaintiff's,

Carina Conerly's Right to Due Process by falsely reporting of plaintiff's health issues and using bias tactics to deprive plaintiff of exercising her Civil Rights. (12/02/2019)

2.  Charmaine Aceituno

On 08/23/2019 Charmaine Aceituno told Carina Conerly she would schedule Carina Conerly's CME Appointment with Paul Gurpal Sandhu between the dates of 11/01/2019 and 11/22/2019. Carina Conerly called Charmaine Aceituno on 10/21/2019 and was told that Carina Conerly's CME Appointment will be on

12/02/2019. Carina Conerly called Charmaine Aceituno on 11/26/2019 to confirm the

CME Appointment with Paul Gurpal Sandhu on 12/02/2019. etc

California Medical Evaluators, Inc., participated in a conspiracy to violate plaintiff's,

Carina Conerly's Right to Due Process by approving wrongfully scheduling plaintiff

for evaluation, and using bias tactics to deprive plaintiff if exercising her Civil Rights.

(08/23/2019, 10/21/2019, and 11/26/2019)

F.   Veracity Research Company (VRC)

    1.   Kristy Michelle Torain

On 05/09/2019 Kristy Torain called Carina Conerly for a statement on medical

documents and began investigation. Kristy Torain hired many people to stake out,

follow me in automobiles. They did many things like damage our security cameras, our

automobiles, and they tried to run us off the road. Etc Veracity, participated in a

conspiracy to violate plaintiff's, Carina Conerly's Right to

Due Process by falsely reporting of plaintiff's health Issues, mis-representing

herself as a California licensed Private Investigator Agent to obtain Carina

Conerly's confidential medical information and using bias tactics to deprive plaintiff

of exercising her Civil Rights. (05/09/2019, 05/13/2019, 05/17/2019, 05/23/2019,

05/24/2019, 05/30/2019,06/11/2019, 06/14/2019, 07/08/2019, and 07/09/2019)

G.   Shaw Law Group, PC

    1.   Trish Higgin (Attorney)

On 07/25/2019 Trish Higgins represented Carina Conerly's employer, CalSTRS, in the

wrongful termination case. Etc

Shaw Law Group, PC, participated in a conspiracy to violate plaintiff's

Carina Conerly's Right to Due Process by wrongfully accusing plaintiff's, mis-

representing herself as a California licensed Private Investigator to obtain Carina

Conerly's confidential medical information and using bias tactics to deprive

plaintiff of exercising her Civil Rights. (07/25/2019)

H.  Sharif Roldan Tarpin

On 11/25/2019 Sharif Tarpin attended the Domestic Violence Hearing, There I obtained knowledge that many of Sharif Tarpin's criminal and vehicle code violations and others had been dismissed. The judge ignored the facts that Carina Conerly gave and ruled in Sharif Tarpin's favor. On 11/26/2019 Sharif Tarpin attended a separate Mediation session with Mediator Nora Williams who also ignored evidence against Sharif Tarpin and ruled in his favor. On 12/10/2019 Sharif Tarpin attended a small claims hearing. Although I had a signed contract of Sharif Tarpin owing Carina Conerly $11,553.74, the judge only granted $2,525.74. Etc

A friend, of the state's Manager, David Walton, in a manner that MR. Tarpin participated in a conspiracy to violate Plaintiff's, Carina Conerly's Right to Due Process by falsely making up reports on plaintiff's parenting Issues. (11/25/2019, 11/26/2019, and 12/10/2019)

I.  CalSTRS

1.  David Todd Walton (Pension n Program Manager III)

On 02/26/2019 David Walton gave Carina Conerly a Memorandum in Derek Daniel's name requesting Carina Conerly's signature. Etc California State Teachers Retirement System.  Mr. Walton, knowingly participated in a conspiracy to violate plaintiff's Carina  Conerly's Right to Due Process by falsely reporting of plaintiff's health Issues, mis-representing herself as a California licensed Private Investigator Agent to obtain Carina Conerly's confidential medical information and bias tactics to deprive     plaintiff of exercising her Civil Rights.

2.  Derek Daniels (Pension Program Manager II) (02/26/2019)

On 03/08/2019 Derek Daniels gave a second Memorandum to Carina Conerly to sign. On 03/29/2019 Derek Daniels and Darcy Maslow questioned Carina Conerly about grievances that Carina Conerly filed with SEIU Local 1000. Etc California State Teachers Retirement State Teachers Retirement Systems,

37

participated in a conspiracy to violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of plaintiff's work-related issues, mis-representing her work ethics, and bias and dominant means of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her Civil Rights.

(03/04/2019,03/08/2019, 03/29/2019, 04/08/2019, 04/10/2019, 04/15/2019, and 07/25/2019)

3.  Jessica Rivera (Classification & Selection Services Manager)

Jessica Rivera was involved in Carina Conerly's wrongful termination. Etc California State Teachers Retirement System, participated in a conspiracy to violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of plaintiff's work-related issues, mis-representing her work ethics, and bias and dominant means of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her Civil Rights.

4.  Nicole Naddy (Formerly a California State Teachers Retirement System

On 05/16/2019 a grievance was filed by Carina Conerly on Nicole Naddy with SEIU Local 1000. Etc

Pensions Program Manager I, Current Position unknown),

California State Teachers Retirement Systems, participated in a conspiracy to violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of plaintiff's work-related issues, mis-representing her work ethics, bias and dominant means of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her Civil Rights. (05/16/2018)

5.  Darcy Maslow (Pension Program Manager I)

On 03/29/2019 Darcy Maslow and Derek Daniels questioned Carina Conerly on grievances filed with SEIU Local 1000. On 07/25/2019 Darcy Maslow attended the wrongful termination hearing for Carina Conerly. Etc

California State Teachers Retirement System, participated in a conspiracy to violate

38

plaintiff's Carina Conerly's Right to Due Process by falsely reporting of plaintiff's work-related issues, mis-representing her work ethics, and bias and dominant means of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her Civil Rights. (03/29/2019, 04/05/2019, 04/10/2019, 07/25/2019)

6.  Christine Martinez (Personnel Services Manager)

On 04/15/2019 Christine Martinez walked Carina Conerly off the job. Etc.

California State Teachers Retirement System, participated in a conspiracy to violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of plaintiff's work-related issues, mis-representing her work ethics, and bias and dominate means of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her Civil Rights. (04/15/2019)

7.  Joshua Goldsmith (Associate Pension Program Manager)

Joshua Goldsmith was involved in Carina Conerly's wrongful termination. Etc

California State Teachers Retirement System, participated in a conspiracy to violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of plaintiff's work-related issues, mis-representing her work ethics, and bias and dominant means of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her Civil Rights.

8.  Bianca Novoa (Personnel Specialist)

On 04/02/2019 Carina Conerly spoke with Bianca Novoa for a Worker's Compensation Claim Form. Etc

California State Teachers Retirement System, participated in a conspiracy to violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of plaintiff's work-related issues, mis-representing her work ethics, and bias to dominant means of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her Civil Rights. (04/02/2019 and 04/10/2019)

9.  Ana Jessica Mosqueda (Disability Coordinator)

39

California State Teachers Retirement System, participated in a conspiracy to

Violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of

plaintiff's work-related issues, mis-representing her work ethics, and bias and

aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her

Civil Rights. (04/09/2019, 04/10/2019)

10. Leslie Carter-Padilla (Payroll & Benefits Manager)

On 04/10/2019 Carina Conerly spoke with Leslie Carter-Padilla about her Worker's

Compensation Claim forms. Etc

California State Teachers Retirement System, participated in a conspiracy to

violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of

plaintiff's work-related issues, mis-representing her work ethics, and bias and

means of aiding in wrongful work tactics to retaliate and deprive plaintiff of

exercising her Civil Rights. (04/10/2019)

11. Stephanie Hill (Performance Management Specialist)

On 07/25/2019 Stephanie Hill attended Carina Conerly's wrongful termination

hearing. Etc

California State Teachers Retirement System, participated in a conspiracy to

violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of

plaintiff's work-related issues, mis-representing her work ethics, and bias means of

aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her

Civil Rights. (04/10/2019 and 07/25/2019)

12. Melissa Norcia (Director of Human Resources)

Carina Conerly received an AWOL termination paper dated 04/11/2019 sent by

Melissa Norcia. Etc

California State Teachers Retirement System, participated in a conspiracy to

violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of

plaintiff's work-related issues, mis-representing her work ethics, and bias and

dominant means of aiding in wrongful work tactics to retaliate and deprive plaintiff

of exercising her Civil Rights. (04/11/2019)

13. Derek Bondurant (Classification & Compensation Analyst)

On 04/02/2019 Derek Bondurant sent email on Carina Conerly's termination. Etc

California State Teachers Retirement System, participated in a conspiracy to

violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of

plaintiff's work-related issues, mis-representing her work ethics, and bias means

of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her

Civil Rights. (04/02/2019)

14. Melyssa Adams (Director)

California State Teachers Retirement System, participated in a conspiracy to

violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of

plaintiff's work-related issues, mis-representing her work ethics, and bias means

of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising

her Civil Rights.

15. Cassandra Lichnock (Chief Operating Officer)

California State Teachers Retirement System, participated in a conspiracy to

violate plaintiff's Carina Conerly's Right to Due Process by falsely reporting of

plaintiff's work-related issues bias means of aiding in wrongful work tactics to

retaliate and exercising her Civil Rights.

J.   SEIU Local 1000.

1.   Pedro Leon (Union Representative),

On 04/23/2019 Pedro Leon sent Carina Conerly an email about being AWOL

with CalSTRS. Pedro Leon combined grievances against Carina Conerly's

decision Etc

participated in a conspiracy to violate plaintiff's, Carina Conerly's Right to Due

Process by falsely reporting of plaintiff's work-related issues, mis-representing

41

her work ethics, and bias means of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her Civil Rights. (04/09/2019, 04/23/2019)

2. Lezlie Uko (Director)

Lezlie Uko combined grievances against Carina Conerly's decision. Etc

SEIU Local 1000-Union Resource Center, participated in a conspiracy to violate plaintiff's, Carina Conerly's Right to Due Process by failing to correct your union representative's action when I complained

to Lezlie Uko about falsely reporting of plaintiff's work-related issues, mis-representing Carina Conerly work ethics, and bias means of aiding in wrongful work tactics to retaliate and deprive plaintiff of exercising her Civil Rights. Instead, Lezlie chose to ignore my complaint and stand up for Pedro Leon, whereby, she is also liable for the same actions committed by her union representative, Pedro Leon.

K. Bessida Taonda and Lassane Bonkoungou

From the observations of the people going in and out of their home, it's obvious that Bessida Taonda and Lassane Bonkoungou has something secretive happening inside their home. They have strange noises coming from the garage. Whenever they leave and we are looking at our home security cameras, their cars vanish in thin air. There are other times when they leave their home, the home security picture of them will go black. Hardly ever are we able to catch their picture on our security cameras. The strange thing about this is other vehicles go by the home security camera and we are able to see them clearly without them vanishing.

L. We request an order from this court that will correct each individual defendant as to what the law will find as their wrongful acts and also criminal behavior. They have conspired, they have violated the 5th and 14th Amendments of the Constitution, they have violated Title VII, and Discrimination Laws. We pray that the court order we be compensated for our injuries,

42

damages by reward  of $800,000,000.00 and punitive damages, along with any other provision that will be right and just for our sufferings.

V.   **Certificate and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule11.

A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Date of Signing:   12 / 17 /2019


Signature of Plaintiff

Printed Name of Plaintiff _____ James Conerly _____


Signature of Plaintiff

Printed Name of Plaintiff _____ Carina Conerly _____


Signature of Plaintiff

Printed Name of Plaintiff _____ Marilyn Tillman-Conerly _____


43