UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONERLY, et al., | No. 2:19-cv-2535 JAM DB PS |
| Plaintiffs, | |
| v. | ORDER |
| SHARIF TARPIN, et al. | |
| Defendants. | |

    Plaintiffs James Conerly, Marilyn Tillman-Conerly, and Carina Conerly are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiffs initiated this action on December 17, 2019, by filing a complaint and paying the required filing fee. (ECF No. 1.) On December 20, 2019, plaintiffs filed an ex parte motion to stay. (ECF No. 4.) On January 24, 2020, plaintiffs filed an "EMERGENCY REQUEST FOR THIS COURT TO IMMEDIATELY RENDER A DECISION" on plaintiffs' ex parte motion to stay. (ECF No. 31.) Plaintiffs' ex parte motion to stay must be denied for several reasons.

    First, Local Rule 230 requires that all motions be noticed for hearing on the undersigned's motion calendar. Local Rule 230(b). Plaintiffs' ex parte motion was not noticed for hearing. Second, plaintiffs' motion to stay essentially seeks a preliminary injunction. Local Rule 231 provides that "[a]ll motions for preliminary injunction shall be accompanied by (i) briefs on all

relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond." Local Rule 231(d)(2). Plaintiffs' motion fails to comply with any of the requirements of this rule.

Plaintiffs failure to fully brief the issues presented is especially relevant here because plaintiffs' motion seeks "to stay the Interim Order . . . issued by Judge Lauri Damrell, in the Superior Court of California, Sacramento County," granting "'Joint Legal Custody' of M.T."[1] (ECF No. 4 at 1.) The Younger abstention doctrine generally forbids federal courts from interfering with ongoing state judicial proceedings. See Younger v. Harris, 401 U.S. 37, 53-54 (1971); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992). Specifically, "[t]he Younger doctrine . . . requires federal courts to abstain from intervening in pending state judicial proceedings when (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims." Witherspoon v. Orange County Dept. of Social Services, 646 F.Supp.2d 1176, 1179 (C.D. Cal. 2009). Child custody cases are "precisely the type of case suited to Younger abstention." H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that plaintiffs' December 20, 2019 motion to stay (ECF No. 4) is denied without prejudice to renewal.

Dated: January 30, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\conerly2535.stay.den.ord

---

[1] Plaintiffs' complaint identifies "M.T." as a plaintiff. (ECF No. 1 at 2.) Plaintiffs are advised that the right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).