UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CONERLY, et al., | No. 2:19-cv-2535 JAM DB PS |
| Plaintiffs, | |
| v. | ORDER |
| SHARIF TARPIN, et al. | |
| Defendants. | |

Plaintiffs James Conerly, Marilyn Tillman-Conerly, Carina Conerly, and M.T. are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

Pending before the court are defendants' motions to dismiss (ECF Nos. 32, 35, 39, 43, 60, 64), defendants' motion to strike (ECF No. 63), and plaintiffs' motions for default judgment (ECF Nos. 42, 62, 65.) For the reasons explained below, defendants' motions to dismiss are granted, plaintiffs' motions for default judgment denied, and plaintiffs are granted leave to file an amended complaint.

## BACKGROUND

Plaintiffs, proceeding pro se, commenced this action on December 17, 2019, by filing a complaint and paying the applicable filing fee. (ECF No. 1.) The complaint is a sprawling document naming dozens of defendants, many of which appear related to plaintiff Carina

1

Conerly's workers compensation and employment issues and to Carina Conerly's civil domestic action.  For example, the complaint alleges that defendant Amy Louise Gossett "did not include important facts in her 05/16/2019 Work Comp MH/BH Encounter Record with Kaiser Permanente[.]"  (Compl. (ECF No. 1) at 11.[1])  That defendant "Sabrina V KO (PT)" had plaintiff Carina Conerly "move in various positions during Physical Therapy, most movements of which were too painful . . . to complete."  (Id. at 12.)  That on April 11, 2019, defendant Angela M. Diaz a Senior Claims Adjuster with the State Compensation Insurance Fund "failed to provide psychiatric medical treatment for Carina Conerly's stress."  (Id. at 15-16.)

The complaint also alleges that defendant Joginder Dhillon, a "Judicial Officer" with the Sacramento County Superior Court, prohibited plaintiff Carina Conerly from entering "vital evidence in support of her Domestic Violence Case" against defendant Sharif Tarpin.  (Id. at 18.)  That defendant Nora Williams, a mediator, "rejected the evidence that Carina Conerly brought" and "escorted Carina Conerly out of her office[.]"  (Id.)  That defendant "judge, Lauri Damrell, was very lenient on Sharif Tarpin[.]"  (Id. at 18-19.)  That defendant Paul Gurpal Sandu, M.D. "said he was not licensed to evaluate Carina Conerly's stress and was not a psychiatrist."  (Id. at 19.)

It is also alleged that defendant Shaw Law Group, PC "represented Carina Conerly's employer, CalSTRS, in the wrongful termination case."  (Id. at 20.)  That defendant Sharif Roldan Tarpin "attended the Domestic Violence Hearing" and "separate Mediation session" which were "ruled in his favor."  (Id.)  That on May 16, 2019, "a grievance was filed by Carina Conerly on [defendant] Nicole Naddy with SEIU Local 1000."  (Id. at 22.)  Defendant Pedro Leon, Union Representative, "helped management instead of filing Carina Conerly's Grievance the way she wanted it to be filed."  (Id. at 24.)  These are just a sampling of the vague and conclusory allegations found throughout the complaint.

Defendants California Department of Human Resources, ("CalHR"), Eraina Ortega as Director of CalHR, Karla Broussard-Boyd as Administrative Law Judge for CalHR, Makay Butz

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

as Legal Assistant for CalHR, and Stacy Miranda as a former Labor Relations Officer for CalHR (collectively "CalHR defendants") filed an answer on January 9, 2020.  (ECF No. 19.)  As did defendants Lassane Bonkoungou and Bessdia Taonda on January 30, 2020.  (ECF No. 41.)

Defendants Shaw Law Group, PC and Trish Higgins filed a motion to dismiss on January 28, 2020.  (ECF No. 32.)  Defendants SEIU Local 1000 "and its named employees" moved to dismiss on January 29, 2020.  (ECF No. 35.)  On January 30, 2020, defendants California State Teachers' Retirement System, ("CalSTRS"), David Todd Walton, Derek Daniels, Nicole Naddy, Darcy Maslow, Christine Martinez, Joshua Goldsmith, Bianca Novoa, Ana Jessica Mosqueda, Leslie Carter-Padilla, Stephanie Hill, Melissa Norcia, Derek Bondurant, Cassandra Lichnock, Jessica Rivera, and Melyssa Adams (collectively "CalSTRS defendants") filed a motion to dismiss.  (ECF No. 39.)

Then on February 10, 2020, defendants June D. Coleman, Honorable Joginder Dhillon, Honorable Lauri Damrell, Nora Williams, and the Sacramento County Superior Court, (collectively "Judicial defendants") filed a motion to dismiss.  (ECF No. 43.)  On April 1, 2020, defendants Service Employees International Union, ("SEIU"), Tiffany Morris, and Mary Kay Henry (collectively, "SEIU defendants"), filed a motion to dismiss.  (ECF No. 60.)  On April 7, 2020, defendants Evalfirst, LLC dba California Medical Evaluators (erroneously sued as California Medical Evaluators, Inc.) and Charmaine Aceituno filed a motion to dismiss and a motion to strike.  (ECF Nos. 63 & 64.)

While defendants were filing these pleadings plaintiffs repeatedly and improperly sought entry of defendants' default.[2]  See ECF Nos. 22, 23, 26-27, 29, 62, 66, 69.  Thereafter, plaintiffs filed oppositions to defendants' motions to dismiss.  (ECF Nos. 46, 74-75.)  Defendants filed replies.  (ECF Nos. 48-50, 76-78.)  Plaintiffs then filed sur-replies.[3]  (ECF Nos. 81-82.)

---

[2] Because defendants' motions to dismiss must be granted based on the numerous defects found in the complaint, and because plaintiffs will be granted leave to file an amended complaint, plaintiffs' motions for default judgment will be denied.  In the future, plaintiffs are cautioned against seeking entry of default against a defendant that was not properly served or that has filed a responsive pleading.

[3] The filing of a sur-reply is not authorized by the Federal Rules of Civil Procedure or the Local

3

**STANDARDS**

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule

////

---

Rules.  See Fed. R. Civ. P. 12; Local Rule 230.  Nonetheless, in light of plaintiffs' pro se status, the undersigned has considered the sur-replies in evaluating defendants' motions to dismiss.

1    12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden
2    of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

**II.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

### III. Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

"Motions pursuant to Rule 12(e) are generally 'viewed with disfavor and are rarely granted[.]'" Nguyen v. CTS Electronics Manufacturing Solutions Inc., 301 F.R.D. 337, 340 (N.D. Cal. 2014) (quoting E.E.O.C. v. Alia Corp., 842 F.Supp.2d 1243, 1250 (E.D. Cal. 2012)). A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191.  A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005).  This liberal pleading standard is consistent with Federal Rule of

Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim." Id.

### IV. Legal Standards Applicable to Motions to Strike Pursuant to Rule 12(f)

A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)), *rev'd on other grounds by* Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike is well-taken when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992). Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation. Fantasy, Inc., 984 F.2d at 1527. "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person. Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992).

Ultimately, whether to grant a motion to strike applying these standards lies within the sound discretion of the district court. Fantasy, Inc., 984 F.2d at 1527; see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).[4]

////

////

////

---

[4] Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted. Bureerong v. Uvawas, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should therefore not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation. Lilley v. Charren, 936 F.Supp. 708, 713 (N.D. Cal. 1996).

**ANALYSIS**

**I.     Defendants' Motions to Dismiss**

Review of defendants' motions to dismiss finds that the motions to dismiss must be granted for several reasons.

**A.     Plaintiff M.T.**

It appears that plaintiff M.T. is a minor and, thus, cannot proceed pro se. (Compl. (ECF No. 1) at 35; ECF No. 4 at 1.) The right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.") Thus, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).

**B.     Rule 8**

As recounted above, the complaint consists of vague and conclusory allegations. For example, as to defendant Eraina Ortega the complaint alleges simply that "[o]n 10/01/2019 Eraina Ortega adopted the wrongful termination decision made by Karla Broussard-Boyd for her final decision. Eraina Ortega did the aforementioned and etc." (Compl. (ECF No. 1) at 18.) For defendant Trish Higgins the complaint alleges simply that "[o]n 07/25/2019 Trish Higgins represented Carina Conerly's employer, CalSTRS, in the wrongful termination case. Trish Higgins did the aforementioned and etc." (Id. at 20.) The complaint also repeatedly alleges in a vague manner that a named defendant "did the aforementioned and etc." (Id. at 13-32.)

Moreover, the complaint does not identify a cause of action, state which defendants violated that cause of action, or state the elements of the cause of action. Instead, the complaint just makes passing reference to "violations of plaintiffs' United States Constitutional Rights under the 5th, 6th, 14th Amendments . . . Title VII . . . defendants conspiracy," and "Carina Conerly's Right to Due Process[.]" (Id. at 11, 32.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

### C. Judicial Defendants

Of the dozens of defendants named in the complaint, several are identified as judges, judicial officers, or judicial personnel.  (Compl. (ECF No. 1) at 4-5.)  However, judges are generally absolutely immune from civil liability for actions taken in their judicial capacity.  Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  Moreover, "[a]bsolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'"  In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (quoting Burns v. Reed, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)).  In this regard, judicial personnel "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."  Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987).

### D. Eleventh Amendment Immunity

The complaint also names as defendants the State of California and instrumentalities of the State of California.  (Compl. (ECF No. 1) at 1-9.)  In general, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity.  Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state.").  "[T]he Eleventh Amendment [also] bars a federal

court from hearing claims by a citizen against dependent instrumentalities of the state." Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972-73 (9th Cir. 1994).

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

### E.   Exhaustion

"Title VII exists in large part 'to make persons whole for injuries suffered on account of unlawful employment discrimination.'" Clemens v. Centurylink Inc., 874 F.3d 1113, 1115 (9th Cir. 2017) (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975)). To this end, "Title VII forbids certain employers from 'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Campbell v. Hawaii Department of Education, 892 F.3d 1005, 1012 (9th Cir. 2018) (quoting 42 U.S.C. § 2000e-2(a)(1)).

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." Sommatino v. U.S., 255 F.3d 704, 707 (9th Cir. 2001). A plaintiff

exhausts their "administrative remedies by filing a charge with the EEOC or an equivalent state agency, like the DFEH, and receiving a right-to-sue letter." Scott v. Gino Morena Enterprises, LLC, 888 F.3d 1101, 1106 (9th Cir. 2018).  The court only has jurisdiction over "charges of discrimination that are like or reasonably related to the allegations made in the EEOC charge, or that fall within the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Deppe v. United Airlines, 217 F.3d 1262, 1267 (9th Cir. 2000) (quotation omitted).  "We 'consider [a] plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case.'" Freeman v. Oakland Unified School Dist., 291 F.3d 632, 636 (9th Cir. 2002) (quoting B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1100 (9th Cir. 2002)).

Here, there are no allegations or evidence that plaintiffs exhausted any administrative claims in this action.

   **F.**  **Rooker-Feldman**

Plaintiffs' complaint contains vague allegations related to state court proceedings in which plaintiffs were not successful.  (Compl. (ECF No. 1) at 18-19.)  Under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well.  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008)

(internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U.S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Disputes over marital dissolution or child custody fall squarely within the Rooker-Feldman bar. See, e.g., Moor v. Cnty. of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (affirming dismissal of suit concerning state court divorce and child custody proceedings on

Rooker-Feldman grounds); Gomez v. San Diego Family Ct., 388 Fed. Appx. 685 (9th Cir. 2010) (affirming dismissal of state court custody decision on Rooker-Feldman grounds); Sareen v. Sareen, 356 Fed. Appx. 977 (9th Cir. 2009) (affirming dismissal of action alleging constitutional violation in state court child custody action on Rooker-Feldman grounds).

### G.   Private Actors

A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)). Here it appears from the vague and conclusory allegations found in the complaint that several of the defendants named in the complaint are private parties not acting under color of state law.

### H.   PERB

Much of the complaint's vague and conclusory allegations appear to concern plaintiff Carina Conerly's union representation and termination as a public employee. (Compl. (ECF No. 1) at 17-18, 20-26.) "In California, labor relations between most local public entities and their employees are governed by the Meyers-Milias-Brown Act ('MMBA'), which recognizes the right of public employees to bargain collectively with their employers over wages and other terms of

employment." City of San Jose v. Operating Engineers Local Union No. 3, 49 Cal. 4th 597, 601 (Cal. 2010). "The administrative agency authorized to adjudicate unfair labor practice charges under the MMBA is the California Public Employment Relations Board (PERB)." (Id.) "Subject to certain exceptions, local public agencies and their employees must exhaust their administrative remedies under the MMBA by applying to PERB for relief before they can ask a court to intervene in a labor dispute." (Id.)

Here, the complaint fails to allege that plaintiffs exhausted their administrative remedies under the MMBA. See generally Harrell v. City of Gilroy, Case No. 17-CV-5204-LHK, 2018 WL 3845862, at *10 (N.D. Cal. Aug. 13, 2018) ("California courts and district courts in California have held that when tort and other claims essentially raise a duty of fair representation claim, the tort and other claims are properly dismissed based on the PERB's exclusive jurisdiction.").

## II.    Leave to Amend

As articulated above, plaintiffs' complaint is defective in several respects and defendants' motions to dismiss must be granted. The undersigned has carefully considered whether plaintiffs could amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

This analysis is made quite difficult by the vague and sprawling nature of plaintiffs' complaint. It seems unlikely that plaintiffs could successfully amend to state a claim against the judicial defendants. Moreover, plaintiffs' failure to allege exhaustion may also indicate that plaintiffs cannot successfully amend Title VII or employment-based claims. But to the extent plaintiffs can successfully amend, if at all, it would appear to be solely with respect to plaintiff Carina Conerly's wrongful termination-based claims.

////

Nonetheless, given the extremely vague and conclusory nature of the complaint, and the election of some defendants to answer as opposed to seek dismissal, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiffs, therefore, will be granted leave to file an amended complaint though, as explained below, plaintiffs James Conerly, Marilyn Tillman-Conerly, and Carina Conerly may elect proceed on the current complaint against the defendants who have answered.

Plaintiffs are cautioned, however, that if plaintiffs elect to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

Plaintiffs amended complaint will also be limited to thirty-five pages. And plaintiffs are cautioned that if they elect to amend, plaintiffs should do so only if they can cure the defects noted in this order and defendants' motions to dismiss. If plaintiffs file an amended complaint that is substantially similar to the original complaint it may result in the dismissal of the amended complaint without further leave to amend.

////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' January 28, 2020 motion to dismiss (ECF No. 32), January 29, 2020 motion to dismiss (ECF No. 35), January 30, 2020 motion to dismiss (ECF No. 39), February 10, 2020 motion to dismiss (ECF No. 43), April 1, 2020 motion to dismiss (ECF No. 60), and April 7, 2020 motion to dismiss (ECF No. 64) are granted.

2. Defendants' April 7, 2020 motion to strike (ECF No. 63) is denied without prejudice to renewal as having been rendered moot.

3. Plaintiffs' February 5, 2020 motion for default judgment (ECF No. 42), April 6, 2020 motion for default judgment (ECF No. 62), and April 8, 2020 motion for default judgment (ECF No. 66) are denied without prejudice to renewal.

4. Plaintiff James Conerly, Marilyn Tillman-Conerly, and Carina Conerly may proceed now against defendants CalHR, Eraina Ortega, Karla Broussard-Boyd, Makay Butz, Stacy Miranda, Lassane Bonkoungou, and Bessida Taonda, ("answering defendants") as set forth below and pursue the complaint's claims against only those answering defendants. Alternatively, plaintiffs may forgo proceeding against these answering defendants and attempt to amend the complaint.

5. **If plaintiffs elect to amend the complaint to address the issued noted above, plaintiffs have sixty days so to do**. Plaintiffs are not obligated to amend the complaint.

6. **If plaintiffs elect to proceed against the answering defendants**, then within thirty days plaintiffs shall file a short statement stating that plaintiffs have elected to proceed against the answering defendants and dismissing plaintiff M.T. from this action. In this event the court will set this matter for a Status Conference and construe plaintiffs' filing as consent to the dismissal of all claims against the defendants who have not filed answers without prejudice.

7. If plaintiffs elect to file an amended complaint, plaintiffs have sixty days from the date of this order to file an amended complaint that cures the defects noted in this order and complies

////

////

with the Federal Rules of Civil Procedure and the Local Rules of Practice.[5]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."  The amended complaint shall not exceed thirty-five pages.

       8.  Plaintiffs are cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  July 27, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\conerly2535.mtd.ord

---

[5] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.