UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES CONERLY, et al.,

Plaintiffs,

v.

SHARIF TARPIN, et al.,

Defendants.

No. 2:19-cv-2535 JAM DB PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiffs James Conerly, Marilyn Tillman-Conerly, Carina Conerly, and M.T. are proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are numerous motions, including defendants' motions to dismiss (ECF Nos. 88-95, 99, 109), defendants' motion to strike (ECF No. 97), defendant's motion for sanctions (ECF No. 106), and plaintiffs' motions for default judgment (ECF Nos. 88, 139.) For the reasons explained below, the undersigned finds that defendants' motions to dismiss should be granted, plaintiffs' motions for default judgment denied, and plaintiffs' second amended complaint dismissed without further leave to amend.

**BACKGROUND**

Plaintiffs, proceeding pro se, commenced this action on December 17, 2019, by filing a complaint and paying the applicable filing fee. (ECF No. 1.) Plaintiffs are proceeding on a

second amended complaint filed on September 28, 2020. (ECF No. 87.) The second amended complaint is a hodgepodge of events, spanning roughly 18 months, mainly involving plaintiff Carina Conerly and over fifty named defendants. For example, the second amended complaint alleges that on May 16, 2018, plaintiff Carina Conerly filed a grievance with SEIU Local 1000 against defendant Nicole Naddy. (Sec. Am. Compl. (ECF No. 87) at 6.[1]) On February 22, 2019, Donna Allred recorded a Mechanic Lien on plaintiff Carina Conerly's home. (Id.) On April 1, 2019, plaintiff Carina Conerly called the Kaiser Permanente Advice Nurse and was referred to the Psychiatry Department. (Id. at 9.)

Plaintiff Carina Conerly was later referred to "Mental Health Worker's Comp Doctor for treatment[.]" (Id. at 10.) Plaintiff was off work from April 3, 2019, through April 10, 2019. (Id.) On April 8, 2019, plaintiff was treated by defendant Lien Quoc Tran who, "did not allow Carina Conerly to go into detail on the work actions that caused Carina Conerly's stress," and who prescribed Gabapentin which "made Carina Conerly feel worse." (Id. at 11.) On April 11, 2019, plaintiff was "deemed abled to return to work at full capacity." (Id. at 10.) That same day plaintiff was sent "an AWOL Terminations letter terminating Carina effective" April 3, 2019. (Id. at 13.)

"On April 15, 2019 [defendant] Christine Martinez walked Carina Conerly off the job. Etc." (Id.) On April 18, 2019, defendant "Teri L. Trolio asked Carina Conerly to move in various positions during Physical Therapy[.]" (Id.) On May 9, 2019, defendant Kristy Torain, a private investigator, "called Carina Conerly for a statement on medical documents and began an investigation." (Id. at 15.) Torain allegedly "hired many people to stake out, follow Carina Conerly and her parents, James Conerly and Marilyn Tillman-Conerly," and those people damaged plaintiffs' security cameras, automobiles and "tried to run" plaintiffs "off the road[.]" (Id.)

On May 17, 2109, defendant Sharif Tarpin stated in a voicemail message "that he was taking Carina to court for Custody of minor daughter M.T.[.]" (Id. at 17.) "On May 24, 2019,

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[defendant] Sabrina V KO asked Carina Conerly to move in various positions during Physical Therapy, most of which were too painful for Carina Conerly to complete." (Id.) On June 21, 2019, the State Compensation Insurance Fund sent Carina Conerly a "NOTICE OF DENIAL OF CLAIM FOR WORKERS' COMPENSATION BENEFITS." (Id. at 18.) On July 26, 2019, defendants Bessida Taonda and Lassane Bonkoungou moved next door to plaintiffs. (Id.) Since that time plaintiffs' have "had issued with all their electronic devices[.]" (Id.)

"On September 30, 2019, [defendant] Karla Broussard-Boyd made her judgment on the wrongful termination case and ruled in favor of [defendant] CalSTRS. Etc." (Id. at 20.) "On October 25, 2019, Carina Conerly filed a Petition For Release of Property From Lien with [defendant] Superior Court of California, County of Sacramento." (Id. at 21.) "On November 25, 2019, [defendant] Joginder Dhillon heard the Domestic Violence Case again [defendant] Sharif Tarpin" and "failed to continue Carina Conerly's and minor M.T.'s restraining order against Sharif Tarpin. Etc." (Id. at 22.)

"On November 26, 2019, Carina Conerly attended mediation with mediator [defendant] Nora Williams." (Id.) Williams said "she was going to give Sharif Tarpin what he requested" and "told Carina Conerly that she had mental issues." (Id.) "On December 10, 2019 Sharif Tarpin attended a small claims hearing heard by [defendant] June D. Coleman." (Id. at 23.) Coleman "only granted $2,525.74" to Carina Conerly. (Id.) "On December 17, 2019 [defendant] Lauri Damrell heard the OSC Custody Case of Sharif Tarpin vs Carina Conerly" and "was very lenient on Sharif Tarpin[.]" (Id.)

Pursuant to these allegations, the second amended complaint seeks "relief in the amount of $800,000,000.00[.]" (Id. at 31.) Shortly after filing the second amended complaint, plaintiffs filed a motion seeking default judgment. (ECF No. 88.) On October 9, 2020, defendants Service Employees International Union, ("SEIU"), Tiffany Morris, Mary Kay Henry (collectively, "SEIU defendants"), Evalfirst, LLC dba California Medical Evaluators (erroneously sued as California Medical Evaluators, Inc.) and Charmaine Aceituno filed motions to dismiss. (ECF Nos. (89-91.) On October 12, 2020, defendants June D. Coleman, Honorable Joginder Dhillon, Honorable Lauri Damrell, Nora Williams, and the Sacrament County Superior Court, (collectively "Judicial

defendants"), Shaw Law Group, PC and Trish Higgins, SEIU Local 1000 "and its named employees," California State Teachers' Retirement System, ("CalSTRS"), David Todd Walton, Derek Daniels, Nicole Naddy, Darcy Maslow, Christine Martinez, Joshua Goldsmith, Bianca Novoa, Ana Jessica Mosqueda, Leslie Carter-Padilla, Stephanie Hill, Melissa Norcia, Derek Bondurant, Cassandra Lichnock, Jessica Rivera, and Melyssa Adams (collectively "CalSTRS defendants") filed motions to dismiss. (ECF Nos. 92-95.)

On October 13, 2020 defendants California Department of Human Resources, ("CalHR"), Eraina Ortega as Director of CalHR, Karla Broussard-Boyd as Administrative Law Judge for CalHR, Makay Butz as Legal Assistant for CalHR, and Stacy Miranda as a former Labor Relations Officer for CalHR (collectively "CalHR defendants") filed an answer as well as a motion to strike and for judgment on the pleadings. (ECF Nos. 96 & 97.) On October 29, 2020, defendants State Compensation Insurance Fund and Angela M. Diaz filed a motion to dismiss. (ECF Nos. 99.)

On November 6, 2020, defendants Evalfirst, LLC dba California Medical Evaluators (erroneously sued as California Medical Evaluators, Inc.) and Charmaine Aceituno filed a motion for sanctions. (ECF No. 106.) On November 10, 2020, defendants Veracity Research Co, LLC (erroneously sued as Veracity Research Company) and Kristy Michelle Torain filed a motion to dismiss. (ECF No. 109.) On November 20, 2020, plaintiffs again filed a motion for default judgment. (ECF No. 139.)

After full briefing, all pending motions were taken under submission on November 23, 2020. (ECF No. 116.)

## STANDARDS

### I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the

////

existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

## II. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**III. Legal Standards Applicable to Motion For Judgment on The Pleadings Pursuant to Rule 12(c)**

Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

**IV. Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

"Motions pursuant to Rule 12(e) are generally 'viewed with disfavor and are rarely granted[.]'" Nguyen v. CTS Electronics Manufacturing Solutions Inc., 301 F.R.D. 337, 340 (N.D. Cal. 2014) (quoting E.E.O.C. v. Alia Corp., 842 F.Supp.2d 1243, 1250 (E.D. Cal. 2012)). A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d

1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim." Id.

**V. Legal Standards Applicable to Motions to Strike Pursuant to Rule 12(f)**

A motion to strike pursuant to Rule 12(f) allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" Whittlestone, Inc. v. Handi-Craft, Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)), *rev'd on other grounds by* Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 (1994); see also Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

A motion to strike is well-taken when "it is clear that the matter to be stricken could have no possible bearing on the subject matter of litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal. 1992). Impertinent allegations are those that are not responsive or relevant to issues involved in the action and which could not be admitted as evidence in the litigation. Fantasy, Inc., 984 F.2d at 1527. "Scandalous" within the meaning of Rule 12(f) includes allegations that cast a cruelly derogatory light on a party or other person. Talbot v. Robert Mathews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992).

Ultimately, whether to grant a motion to strike applying these standards lies within the sound discretion of the district court. Fantasy, Inc., 984 F.2d at 1527; see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).[2]

////

////

////

[2] Rule 12(f) motions are generally viewed with disfavor and not ordinarily granted. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). A motion to strike should therefore not be granted unless it is absolutely clear that the matter to be stricken could have no possible bearing on the litigation. Lilley v. Charren, 936 F. Supp. 708, 713 (N.D. Cal. 1996).

**ANALYSIS**

**I. Defendants' Motions to Dismiss and for Judgment on the Pleadings**

Review of defendants' motions to dismiss, motion for judgment on the pleadings, and the second amended complaint finds that defendants' motions should be granted and the second amended complaint dismissed for multiple reasons.

**A. Rule 8**

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Here, although the second amended complaint identifies four plaintiffs—James Conerly, Marilyn Tillman-Conerly, M.T., and Carina Conerly—there are almost no factual allegations related to any plaintiff other than Carina Conerly. The second amended complaint frequently alleges that the defendants' conduct includes the vague "Etc." (Sec. Am. Compl. (ECF No. 87) at 8.) Moreover, the second amended complaint does not clearly allege a claim. Nor does it identify what claim is asserted against which of the dozens of defendants.

Instead, the second amended complaint lists the defendants and alleges that "[t]he act of this Defendant agreeing with others acts is Conspiracy." (Id. at 23-31.) However, to allege a claim of conspiracy, the complaint must allege "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." The second amended complaint contains no factual allegations clearly establishing these elements.

////

**B.   Judicial Defendants**

Of the dozens of defendants named in the second amended complaint several are identified as judges, judicial officers, or judicial personnel. (Sec. Am. Compl. (ECF No. 87) at 3-4.) And the factual allegations related to these defendants appear to concern actions taken in their judicial capacity. For example, the second amended complaint alleges that defendant Judge Lauri Damrell "heard the OSC Custody Case[.]" (Id. at 23.) That defendant Judge June D. Coleman entered a judgment "on the small claims case[.]" (Id.)

Judges are generally absolutely immune from civil liability for actions taken in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11-12 (1991). Moreover, "[a]bsolute judicial immunity is not reserved solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of judicial functions.'" In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (quoting Burns v. Reed, 500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)). In this regard, judicial personnel "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987).

**C.   Eleventh Amendment Immunity**

The second amended complaint alleges that "this case involved complaints concerning violations of plaintiffs' United States Constitutional Rights" and names as defendants the State of California and instrumentalities of the State of California. (Sec. Am. Compl. (ECF No. 87) at 1-5.) A litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

////

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

However, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."). "[T]he Eleventh Amendment [also] bars a federal court from hearing claims by a citizen against dependent instrumentalities of the state." Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972-73 (9th Cir. 1994).

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

The Ninth Circuit has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh

Amendment immunity." Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).

**D    Exhaustion**

The second amended complaint also alleges that this action concerns a violation of "Title VII[.]" (Sec. Am. Compl. (ECF No. 87) at 5.)  "Title VII exists in large part 'to make persons whole for injuries suffered on account of unlawful employment discrimination.'" Clemens v. Centurylink Inc., 874 F.3d 1113, 1115 (9th Cir. 2017) (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975)).  To this end, "Title VII forbids certain employers from 'discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Campbell v. Hawaii Department of Education, 892 F.3d 1005, 1012 (9th Cir. 2018) (quoting 42 U.S.C. § 2000e-2(a)(1)).

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." Sommatino v. U.S., 255 F.3d 704, 707 (9th Cir. 2001).  A plaintiff exhausts their "administrative remedies by filing a charge with the EEOC or an equivalent state agency, like the DFEH, and receiving a right-to-sue letter." Scott v. Gino Morena Enterprises, LLC, 888 F.3d 1101, 1106 (9th Cir. 2018).  The court only has jurisdiction over "charges of discrimination that are like or reasonably related to the allegations made in the EEOC charge, or that fall within the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Deppe v. United Airlines, 217 F.3d 1262, 1267 (9th Cir. 2000) (quotation omitted).  "We 'consider [a] plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case.'" Freeman v. Oakland Unified School Dist., 291 F.3d 632, 636 (9th Cir. 2002) (quoting B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1100 (9th Cir. 2002)).

Here, the second amended complaint presents neither allegations nor evidence that plaintiffs exhausted any administrative claims in this action. See Ziya v. Global Linguistic Solution, 645 Fed. Appx. 573, 574 (9th Cir. 2016) ("The district court properly dismissed Ziya's Title VII claims because Ziya failed to allege that she exhausted her administrative remedies.").

**E. Rooker-Feldman**

As noted above, the second amended complaint makes vague reference to state court proceedings concerning child custody, small claims, a mechanic's lien, etc.. (Sec. Am. Compl. (ECF No. 87) at 21-23.) Under the Rooker-Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

And disputes over marital dissolution, child custody, and small claims matters fall squarely within the Rooker-Feldman bar. See, e.g., deRosier v. Longaker, 551 Fed. Appx. 362 (9th Cir. 2014) (affirming dismissal of suit concerning small claims matter on Rooker-Feldman grounds); Moor v. Cnty. of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (affirming dismissal of suit concerning state court divorce and child custody proceedings on Rooker-Feldman grounds); Gomez v. San Diego Family Ct., 388 Fed. Appx. 685 (9th Cir. 2010) (affirming dismissal of state court custody decision on Rooker-Feldman grounds); Sareen v. Sareen, 356 Fed. Appx. 977 (9th Cir. 2009) (affirming dismissal of action alleging constitutional violation in state court child custody action on Rooker-Feldman grounds).

**F. Private Actors**

It appears that several of the defendants named in the second amended complaint are private individuals. (Sec. Am. Compl. (ECF No. 87) at 1-5.) And the second amended complaint does not allege that these defendants were acting under color of state law. For example, the second amended complaint alleges that defendant Andrew Lee was plaintiff Carina Conerly's primary care physician and found Conerly "able to return to work at full capacity on

04/11/2019." (Id. at 10.) Defendants Bessida Taonda and Lassane Bonkoungou were plaintiffs' neighbors. (Id. at 18.) "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)).

**G. PERB**

Much of the second amended complaint's vague and conclusory allegations concern plaintiff Carina Conerly's union representation and termination as a public employee. (Sec. Am. Compl. (ECF No. 87) at 6-21.) "In California, labor relations between most local public entities and their employees are governed by the Meyers-Milias-Brown Act ('MMBA'), which recognizes the right of public employees to bargain collectively with their employers over wages and other terms of employment." City of San Jose v. Operating Engineers Local Union No. 3, 49 Cal. 4th 597, 601 (Cal. 2010). "The administrative agency authorized to adjudicate unfair labor practice charges under the MMBA is the California Public Employment Relations Board (PERB)." (Id.) "Subject to certain exceptions, local public agencies and their employees must exhaust their administrative remedies under the MMBA by applying to PERB for relief before they can ask a court to intervene in a labor dispute." (Id.)

Here, the second amended complaint fails to allege that plaintiffs exhausted their administrative remedies under the MMBA. See generally Harrell v. City of Gilroy, Case No. 17-CV-5204-LHK, 2018 WL 3845862, at *10 (N.D. Cal. Aug. 13, 2018) ("California courts and district courts in California have held that when tort and other claims essentially raise a duty of fair representation claim, the tort and other claims are properly dismissed based on the PERB's exclusive jurisdiction.").

**H. Plaintiff M.T.**

The second amended complaint identifies plaintiff M.T. as a "minor[.]" (Sec. Am. Compl. (ECF No. 87) at 17.) The right to represent oneself pro se is personal to the plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.") Thus, "a parent or guardian

cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Thus, plaintiff M.T. cannot proceed in this action without retaining a lawyer.

**I. Defendants Veracity Research Co, LLC and Kristy Michelle Torain**

The second amended complaint alleges that defendants Veracity Research Co., and Kristy Michelle Torain were hired to investigate plaintiff Carina Conerly's Worker's Compensation claim. (Sec. Am. Compl. (ECF No. 87) at 13.) These defendants allegedly damaged plaintiffs' security cameras and "tried to run [plaintiffs] of the road[.]" (Id. at 15.) Plaintiff Carina Conerly, however, previously filed an action in this court against these same defendants raising these same allegations. See Conerly v. Veracity Research Co. LLC, No. 2:19-cv-1021 KJM KJN PS, 2020 WL 7360550, at *1 (E.D. Cal. Dec. 15, 2020). After granting of defendants' motion to dismiss, the action was dismissed with prejudice. Id.

The doctrine of res judicata, or claim preclusion, "bars repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." United Sates v. Tohono O' Odham Nation, 563 U.S. 307, 315 (2011) (citation and internal quotation marks omitted).

**J. Worker's Compensation**

The second amended complaint's vague and conclusory allegations also concern plaintiff Carina Conerly's claim filed pursuant to California Worker's Compensation Act ("WCA"). (Sec. Am. Compl. (ECF No. 87) at 11-23.) "It is by now well established that the WCA's exclusivity provisions preempt not only those causes of action premised on a compensable workplace injury, but also those causes of action premised on injuries collateral to or derivative of such an injury." King v. CompPartners, Inc., 5 Cal.5th 1039, 1051 (Cal. 2018) (quotation omitted). Moreover, "California's Workers' Compensation Act grants the State Board exclusive authority to hear claims '[f]or the recovery of [workers'] compensation, or concerning any right or liability arising out of or incidental thereto.'" U.S. Fidelity and Guar. Co. v. Lee Investments LLC, 641 F.3d 1126, 1134 (9th Cir. 2011) (quoting Cal. Labor Code § 5300(a)).

////

**II. Leave to Amend**

As explained above, the undersigned finds that plaintiffs' second amended complaint is defective in several respects and recommends that defendants' motions to dismiss and motion for judgment on the pleadings be granted. The undersigned has carefully considered whether plaintiffs could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

The undersigned is cognizant of the challenges faced by pro se litigants. However, in light of the deficiencies noted above and plaintiffs' inability to successfully amend the complaint the undersigned finds that it would be futile to grant plaintiffs further leave to amend.

**III. Plaintiffs' Motions for Default Judgement**

On October 5, 2020, and November 20, 2020, plaintiffs filed motions for default judgment. (ECF Nos. 88 & 139.) Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> 1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

As stated above, the second and third Eitel factors require a plaintiff to state a claim on which plaintiff can recover. PepsiCo, Inc. v. California Security Cans, 238 F.Supp.2d, 1172, 1175 (2002); see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). Above, the

undersigned found that the second amended complaint fails to state a claim and should be dismissed. Accordingly, the undersigned finds that plaintiffs' motions for default judgment should be denied.

**IV. Defendants' Motion for Sanctions**

On November 6, 2020, defendants Evalfirst, LLC dba California Medical Evaluators, Inc., and Charmaine Aceituno filed a motion for sanctions against plaintiffs in the amount of $6,389.50 pursuant to Rule 11. (ECF No. 106.) "[Rule 11] provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." Estate of Blue v. Cnty. of L.A., 120 F.3d 982, 985 (9th Cir. 1997).

Defendants argue that plaintiffs should be sanctioned for filing the second amended complaint "on the same facts, same claims and same alleged injuries," as alleged in the prior complaint despite that complaint being dismissed pursuant to a motion to dismiss. (Defs.' Sanct. (ECF No. 106) at 23.) "Although Rule 11 permits the imposition of sanctions against a pro se litigant, the court must give due consideration to the litigant's pro se status and exercise its discretion in assessing whether to impose sanctions." Johnson v. Chevron Corp., No. C. 07-5756 SI, 2010 WL 459121, at *1 (N.D. Cal. Feb. 3, 2010). In this regard, "arguments that a lawyer should or would recognize as clearly groundless may not seem so to the pro se [litigant]." Pryzina v. Ley, 813 F.2d 821, 823-24 (7th Cir. 1987); see also Maxwell v. Deutsche Bank National Trust Company, Case No. 13-cv-3957 WHO, 2014 WL 296873, at *2 (N.D. Cal. Jan. 27, 2014) ("Judges in this district have declined to impose sanctions on pro se plaintiffs even though their claims are barred by res judicata or the Rooker–Feldman doctrine . . . lack any legal basis . . . . Judges have also declined to impose sanctions where the plaintiff filed multiple actions against the defendant based on the same underlying events.").

In the undersigned's experience it is quite common for pro se plaintiffs to fail to recognize the deficiencies identified in an order dismissing a complaint with leave to amend, to fail to successfully amend a complaint, and instead to simply reassert previously dismissed claims. Having already recommended that plaintiffs' action be dismissed without further leave to amend, the undersigned finds that no additional sanctions are necessary and recommends that defendants'

motion for sanctions be denied. See Coleman v. Teamsters Local 853, Case No. 12-5981 SC 2013 WL 3790900, at *2 (N.D. Cal. July 18, 2013) ("While the Court might be inclined to impose Rule 11 sanctions if Plaintiff were represented by counsel, the present circumstances call for more leniency.").

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' December 22, 2020 motion to file a second reply (ECF No. 142) is denied without prejudice as having been rendered moot; and

2. Plaintiffs' November 6, 2020 request for telephonic appearance (ECF No. 107) is denied as having been rendered moot.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' October 5, 2020 motion for default judgment (ECF No. 88) be denied;

2. Defendants' October 9, 2020 motion to dismiss (ECF No. 89) be granted;

3. Defendants' October 9, 2020 motion to dismiss (ECF No. 90) be granted;

4. Defendants' October 9, 2020 motion to dismiss (ECF No. 91) be granted;

5. Defendants' October 12, 2020 motion to dismiss (ECF No. 92) be granted;

6. Defendants' October 12, 2020 motion to dismiss (ECF No. 93) be granted;

7. Defendants' October 12, 2020 motion to dismiss (ECF No. 94) be granted;

8. Defendants' October 12, 2020 motion to dismiss (ECF No. 95) be granted;

9. Defendants' October 13, 2020 motion for judgment on the pleadings (ECF No. 97) be granted;

10. Defendants' October 29, 2020 motion to dismiss (ECF No. 99) be granted;

11. Defendants' November 6, 2020 motion for sanctions (ECF No. 106) be denied;

12. Defendants' November 10, 2020 motion to dismiss (ECF No. 109) be granted;

13. Plaintiffs' November 20, 2020 motion for default judgment (ECF No. 139) be denied;

////

////

////

14. The second amended complaint filed September 28, 2020 (ECF No. 87) be dismissed without further leave to amend; and

15. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.[3] Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 4, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\conerly2535.mtd.ord

[3] Previously plaintiffs deluged the Clerks' Office by filing voluminous and repetitive filings. (ECF Nos. 125-27 & 134-38.) If plaintiffs elect to file objections to these findings and recommendations, plaintiffs' objections shall be limited to a single filing of no more than 60 pages.